[No. 7,866.—In Bank.]

# IN THE MATTER OF THE REAL ESTATE ASSO-CIATES.

RECEIVER — APPEAL — STAY — INSOLVENCY.—In an involuntary proceeding against an insolvent a receiver was appointed, and afterwards an appeal was taken from an order adjudicating him an insolvent.

*Held,* That the functions of the receiver were not suspended during the appeal.

APPLICATION for an order to stay proceedings in a suit commenced by a receiver.

The motion is made on behalf of the Real Estate Associates, claimed to be a corporation.

*Wm. H. Fifield* and *J. E. McElrath,* in support of the motion.

*Saffold & Meux* and *J. B. Wilkins,* contra.

The COURT:

This is an application for an order to stay proceedings in a certain suit commenced by the Receiver appointed by the Court below, in an insolvency proceeding pending therein. The application is based upon the fact that an appeal has been taken from the order adjudicating the Real Estate Associates insolvent. The undertaking on appeal was for the sum of three hundred dollars—given under § 941 of the Code of Civil Procedure.

It is claimed that all action in, or under, the insolvency proceedings was stayed by the appeal, and that, therefore, the Receiver has no right to prosecute any suit as such Receiver. We can not attribute to the appeal such an effect. For obvious reasons it would be dangerous to hold that the functions of the Receiver are suspended during the appeal. It may be imperatively necessary to the preservation of the estate that his functions should not be suspended. (Code Civ. Proc., §§ 546–964; *Coburn* v. *Ames,* 52 Cal. 385; *Von Roun* v. *The Superior Court of San Francisco, post,* 358 ; *Swing & Mellen* v. *Townsend,* 24 Ohio St. 1; *Brien & Thaxton* v. *Paul, Executrix,* 3 Tenn. Ch. 357.)

Application denied.

SHARPSTEIN, J., did not express any opinion in this case.