[No. 18051.   Department Two. — May 24,  1892.]

IN THE MATTER OF THE ESTATE OF JAMES A. WOODS, DECEASED.

ESTATES OF DECEDENTS — ORDER APPOINTING ADMINISTRATOR — APPEAL — STAY OF PROCEEDINGS. — Upon an appeal from an order appointing an administrator, an undertaking on appeal in the sum three hundred dollars, as provided for in section 941 of the Code of Civil Procedure, stays all proceedings upon the order appealed from, and prevents the doing of any act by the appointee as administrator of the estate during the pendency of the appeal.

ID. — APPOINTMENT OF SPECIAL ADMINISTRATOR PENDING APPEAL. — If there be any danger of loss to the estate from a stay of proceedings pending an appeal from an order appointing an administrator, such danger can be avoided by the appointment of a special administrator under section 1411 of the Code of Civil Procedure.

APPLICATION to the Supreme Court for an order staying proceedings. The facts are stated in the opinion of the court.

*Holl & Dunn*, for Appellant.

*Johnson, Johnson & Johnson*, for Respondent.

McFARLAND, J. — There was a contest in the court below between C. M. West and George Bronner, as public administrator, for letters of administration of this estate, which was decided in favor of the latter. West appealed from the order appointing Bronner administrator, giving an undertaking on appeal in the sum of three hundred dollars, as provided for in section 941 of the Code of Civil Precedure; but Bronner is proceeding to administer the estate, and the matter now before us is an application by West for an order staying all proceedings until the determination of the appeal.

The undertaking provided for by section 941 " stays all further proceeding in the court below upon the judgment or order appealed from; or upon the matters embraced therein," except in those cases specified in sections 942, 943, 944, and 945, and a few special matters mentioned in section 949 not material here. (See sections 946–949.) But appellant here is not within the said sections from 942 to 945, which " apply to appellants who are required to perform the directions of the judgment or order appealed from." (*Estate of Schedel*, 69 Cal. 241.) The case at bar cannot be distinguished in principle from *Pennie* v. *Superior Court*, 89 Cal. 31, in which we held that on an appeal by one claiming to be the heir from an order directing the administrator to pay family allowance to another person, a three-hundred-dollar undertaking stayed all proceedings on the order. And it is quite clear that every act which the respondent might undertake to do as administrator of this estate would be " upon the order appealed from, and upon the matters embraced therein." If, ås suggested by respondent, there be any danger of loss to the estate from a stay of pro-

ceedings, such danger can be avoided by the appointment of a special administrator under section 1411.

The motion for a stay of proceedings is granted, and the respondent Bronner is restrained from doing any act as administrator of said estate during the pendency of the appeal.

De Haven, J., and Sharpstein, J., concurred.