(August 1, 1910.)

## .ARTHUR C. MORBECK et al., Respondents, v. BRAD-FORD-KENNEDY CO. et al., Appellants.

[110 Pac. 261.]

_APPEAL—STAY OF PROCEEDINGS—SUPERSEDEAS—RECEIVER.

(Syllabus by the court.)

1.  Where a judgment was entered holding certain sales and transfers of personal and other property fraudulent and void, and a receiver was appointed to take charge of such property and an appeal was taken by the defendants and an undertaking on appeal in the sum of $300 was filed, the court has the jurisdiction and power to continue the receivership for the preservation of such property pending the appeal.

An original application to this court for an order declaring the judgment and order appealed from to be superseded by the taking of the appeal. Application *denied.*

McBee & La Veine, Wm. T. Stoll, and B. S. Crow, for Appellants.

While the legislature permits of an appeal from an order appointing a receiver, it does not require any additional bond upon such appeal, except as is provided in sec. 4817. The California legislature has recognized the danger of suspending the power of a receiver during appeal without an additional appeal bond, but our legislature has not. The proceeding is modeled after the proceeding in the following cases: *Snow v. Holmes,* 64 Cal. 232, 30 Pac. 806; *Anderson v. Anderson,* 123 Cal. 445, 56 Pac. 61.

The court is also referred to the case of *Barnes v. Buffalo Pitts Co.,* 6 Ida. 519, 57 Pac. 267.

The following cases hold that an appeal from an order appointing a receiver stays proceedings under the order upon giving the proper undertaking. (*State v. Superior Ct.,* 12 Wash. 677, 679, 42 Pac. 123; *Catlin v. Baldwin,* 47 Conn. 173; *State v. Johnson,* 13 Fla. 33; *Wabash R. Co. v. Dykeman,* 133

Ind. 56, 32 N. E. 823; *Cook v. Cole,* 55 Iowa, 70, 7 N. W. 419; *Metropolitan Bank v. Commercial Soap etc. Manufactory,* 48 La. Ann. 1383, 20 So. 899; *Everett v. State,* 28 Md. 190; *Farmers' Nat. Bank v. Backus,* 63 Minn. 115, 65 N. W. 255; *Buckley v. George,* 71 Miss. 680, 15 So. 46; *State v. Hirzel,* 137 Mo. 435, 37 S. W. 921, 38 S. W. 961; *People's Cemetery Assn. v. Oakland Cemetery Co.,* 24 Tex. Civ. App. 668, 60 S. W. 679; *Carter v. Carter* (Tex. Civ. App.) [1897], 40 S. W. 1030; *Virginia etc. Steel etc. Co. v. Wilder,* 88 Va. 942, 14 S. E. 806; *Tornanses v. Melsing,* 106 Fed. 775, 45 C. C. A. 615.)

Robert H. Elder, J. L. McClear, R. E. McFarland, and Hawley, Puckett & Hawley, for Respondents.

An appeal does not suspend the functions of a receiver. In many cases, and this is such a case, it would be dangerous to hold that the receiver's functions are so suspended, and to preserve the estate it may be necessary that the receivership be continued. (*In re Real Estate Assn.,* 58 Cal. 356; 17 Ency. of Pl. & Pr. 872; *Swing v. Townsend,* 24 Ohio St. 1.)

It follows, therefore, that an order of the court below or of this court must be made in the premises before the appeal would operate as a supersedeas. (*Hovey v. McDonald,* 109 U. S. 150, 3 Sup. Ct. 136, 27 L. ed. 888.)

It is held in the latter case that the matter of supersedeas in this kind of cases is generally regulated by statute, or by rule of the court. We have no statute upon the subject. Whether there is a rule of court in the eighth judicial district, the record here does not show.

There is a statute at present in California providing that an appeal taken supersedes a receiver. (Sec. 1103, Cal. Code Civ. Proc.) Before this statute the law in California was similar to ours.

Before the amendment to the California code a writ of prohibition was held to be the proper method of bringing the matter of supersedeas in connection with a receiver before the supreme court. Since said amendment an appeal is the only

remedy. (*Jacobs v. Superior Court,* 133 Cal. 364, 85 Am. St. 204, 65 Pac. 826.)

Prohibition is. the proper remedy here, as an appeal would not be effective. (*Cronan v. Dist. Court,* 15 Ida. 205, 96 Pac. 768.)

SULLIVAN, C. J.—This is an application to this court for an order declaring that the judgment and order appealed from in the above-entitled case were superseded by the taking of an appeal, and giving a bond on appeal in the sum of $300.

The action was brought by respondents as minority stockholders of the Kidd Island Lumber Co. to procure the appointment of a receiver for the appellant, the Kidd Island Lumber Co., upon the ground that its affairs are being mismanaged and to cancel a conveyance of a large amount of timber land from said Lumber Co. to the appellant, the Bradford-Kennedy Co., upon the ground that the sale was made without any consideration therefor and was fraudulent and void.

It appears from the record that summons was served on the Kidd Island Lumber Co., the Bradford-Kennedy Co. and J. N. Ashburn, on the 26th of March, 1910. The other defendants were not served and did not appear. It also appears that default was entered against the appellants, and findings of fact and conclusions of law and a decree granting all the relief prayed for were made and entered. Appellants thereafter, on the 18th of May, made a motion to vacate and set aside the default and judgment on certain specific grounds. The motion was heard and overruled and an order entered to that effect, from which order, as well as from the judgment, an appeal was taken. A cash bond of $300 was given on said appeal. The judgment provided for the appointing of a receiver, canceling said conveyance and granting other relief. The judgment, among other things, provides as follows:

"And it is further ordered, adjudged and decreed that a receiver be appointed for the Kidd Island Lumber Co., a corporation, to take charge of all of its assets and property, real, personal and mixed, and to manage and control all of the

assets and property, real, personal or mixed, of the Kidd Island Lumber Co., a corporation, under the direction of and until the further order of this court herein.''

It appears from the transcript on the appeal that the property involved includes considerable real estate, over two million feet of lumber, sawmill, and much other personal property. The appellant on said appeal gave a cash bond for $300, and now contends, under the provisions of sec. 4817 of the Rev. Codes of Idaho, that said judgment is superseded and all proceedings are stayed and that appellant is entitled to have possession of said sawmill plant, lumber and other property claimed to have been purchased by it from the said Kidd Island Lumber Co., to manage and control, pending the appeal. Said sec. 4817 is as follows:

''In cases not provided for in sections 4810, 4811, 4812 and 4813, the perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section 4809, stays proceedings in the court below, upon the judgment or the order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court; and except, also, where it adjudges the defendant guilty of usurping or intruding into, or unlawfully holding, a public office, civil or military, within this state; and except, also, where the order grants, or refuses to grant, a change of the place of trial of an action.''

The court by its judgment found that the sale and transfer of said property by the Kidd Island Lumber Co. to the Bradford-Kennedy Co. was fraudulent and void, and now it is contended that the Bradford-Kennedy Co. is entitled to the possession of all of said property pending the appeal upon giving a bond of $300. Application was made to the trial court for an order directing the receiver to relinquish possession of all of said property to the appellants, which application was denied. The trial court evidently concluded that it would endanger the interests of respondents to turn all of said property to the appellants pending the appeal,

on the giving of a $300 bond; that it was imperatively neces--
sary to the preservation of said property in *statu quo*, and
that the receiver's functions should not be suspended, espe--
cially so far as the preservation of said property pending the
appeal was concerned.

Sec. 949 of the Code of Civil Procedure of California was
substantially the same as said sec. 4817 of our Rev. Codes..
In the *Matter of The Real Estate Associates*, 58 Cal. 356,
where it was contended that all actions in or under insolvency
proceedings were stayed by the appeal, and therefore the
receiver had no right to prosecute any suit as such receiver,
and that the giving of a $300 appeal bond stayed all proceed-
ings pending the appeal, the court decided against that con-
tention, and held that the functions of the receiver were not
suspended during the appeal.    The legislature of California
has since the date of said decision amended sec. 943, C. C. P.,
so as to provide for the suspension of an order appointing·
a receiver, pending an appeal, by giving a proper undertaking
on appeal.    However, we have no such provision in our stat-
utes.    We think the rule laid down in the above-cited case
is applicable to the case here, and that the court did not err·
in holding that the giving of said $300 bond did not suspend
or supersede the appointment of a receiver.    From the record
in the case it clearly appears that it is necessary that the prop-
erty should be preserved in *statu quo* as nearly as may be
pending the appeal, in order to protect the interest of the·
parties.

In *Charles Waters v. Robert N. Dunn, Judge, ante,* p. 450,.
110 Pac. 258, just decided by this court, in discussing the ques-
tion whether the trial court had jurisdiction to suspend the·
operation of an injunctive judgment pending an appeal to
the supreme court, it was said:

"We find no express authority in the statutes granting such
jurisdiction; but where the rights of the parties ought in jus-
tice to be preserved in *statu quo* until the issue between them
is finally determined on appeal, the court has the inherent
power to and may in its sound discretion suspend the oper-
ation of an injunction during the appeal"; and in support.

of that proposition certain authorities are there cited.   (See, also, 17 Ency. of Pl. & Pr., p. 872.)

We think that the court has the inherent power to preserve the property in litigation pending an appeal, and if necessity requires it, may place the same in the hands of a receiver for that purpose.

The trial court no doubt will see that the property is preserved by the receiver; therefore the motion of appellant in this court asking for an order declaring that the judgment and order appealed from was superseded by the taking of said appeal must be denied, and it is so ordered.

Costs in this court are awarded to the respondents.

Ailshie, J., concurs.