[S. F. No. 5806. In Bank.—December 27, 1911.]

LOREN COBURN, Petitioner, v. M. J. HYNES, as Guardian of the Person and Estate of Loren Coburn, an Incompetent Person, Respondent.

GUARDIAN OF INCOMPETENT PERSON — STAY PENDING APPEAL—FILING UNDERTAKING ON APPEAL—WRIT OF SUPERSEDEAS.—The power of one appointed guardian of the person and estate of an incompetent person is stayed pending an appeal from the order of appointment, by the filing of the undertaking on appeal provided for by section 941 of the Code of Civil Procedure. If the guardian, notwithstanding such appeal, threaten to take possession of the property of the incompetent and to act as his guardian pending the appeal, a writ of *supersedeas* will be issued against him.

ID.—CONSTRUCTION OF SECTION 966 OF CODE OF CIVIL PROCEDURE.—Section 966 of the Code of Civil Procedure, providing that "when the

judgment or order appointing an executor or administrator, or guardian is reversed on appeal, for error, and not for want of jurisdiction of the court, all lawful acts in administration upon the estate performed by such executor, or administrator, or guardian, if he have qualified, are as valid as if such judgment or order had been affirmed," does not give the guardian the right to act as such during the pendency of the appeal.

ID.—STAY PENDING APPEAL NOT OPPOSED TO PUBLIC POLICY.—Such a construction of the effect of section 941 of the Code of Civil Procedure, in staying the functions of the guardian pending appeal, is not opposed to sound public policy.

Application for a writ of supersedeas directed to M. J. Hynes, as guardian of the person and estate of an incompetent person.

The facts are stated in the opinion of the court.

A. J. Treat, and W. B. Kollmyer, for Petitioner.

Cullinan & Hickey, for Respondent.

THE COURT.—Petitioner was duly declared by the superior court to be an incompetent person, and M. J. Hynes was appointed and qualified as guardian of his person and estate. Immediately following the order of appointment in the guardianship proceeding Loren Coburn, petitioner herein, gave notice of an appeal and within the time required by law filed in proper form his undertaking on appeal in the sum of three hundred dollars. He now petitions for a writ of *supersedeas,* alleging that the said M. J. Hynes threatens to take possession of his property and to act as his guardian in spite of the pending appeal. This is admitted by the return. The sole question presented, therefore, is whether or not the guardian should be prevented by means of such a writ from assuming the functions of his office pending the appeal from the order appointing him.

Respondent, M. J. Hynes, concedes that such cases as *In re Woods,* 94 Cal. 566, [29 Pac. 1108], and *Matter of Moss,* 120 Cal. 695, [53 Pac. 357], seem to sustain petitioner's position that the filing of the undertaking on appeal provided by section 941 of the Code of Civil Procedure suspends the guardian's power pending appeal, but he asks us to overrule these

cases upon the grounds: 1. That section 966 of the Code of Civil Procedure recognizes the right of a guardian to act during an appeal from the order appointing him; 2. That this case comes under the rule declared in *Dulin* v. *Pacific Wood & Coal Co.,* 98 Cal. 305, [33 Pac. 123], and *Matter of the Real Estate Associates,* 58 Cal. 356; and 3. That it is contrary to sound public policy to suspend the functions of a guardian until the hearing of the appeal from the order appointing him.

Section 966 of the Code of Civil Procedure provides that: "When the judgment or order appointing an executor, or administrator, or guardian, is reversed on appeal, for error, and not for want of jurisdiction of the court, all lawful acts in administration upon the estate performed by such executor, or administrator, or guardian, if he have qualified, are as valid as if such judgment or order had been affirmed." We do not see that this section fixes the right of a guardian to act during the pendency of such an appeal as the section designates. On the contrary, its language would indicate that, statutorily, he has no such right, but that if he exercise his functions of guardianship in a case where the order appointing him is not void for want of jurisdiction, his acts will not be invalid. It is just such a section as would prevent an appellant from standing by without complaint and allowing the guardian to manage his estate, and then taking advantage of a decision in appellant's favor in the higher court by refusing to recognize the guardian's acts performed in good faith during the pendency of the appeal. *Dulin* v. *Pacific Wood & Coal Co.,* 98 Cal. 305, [33 Pac. 123], was a case in which one who, by a court of competent jurisdiction, had been declared to be a director of a private corporation, was proceeding to act as such during the appeal from the judgment. The court held that the writ of *supersedeas* could not be used to restrain his co-directors from recognizing the respondent and acting with him, the court saying: "The writ itself is directed to the court whose action is sought to be restrained, or to some of its officers, and is limited to restraining any action upon the judgment appealed from. It cannot be used to perform the functions of an injunction against the parties to the action, restraining them from any act in the assertion of their rights, other than to prevent them from using the process of the court

below to enforce the judgment, nor can the writ be employed for any purpose upon persons not parties to the judgment." A guardian is not like a director of a private corporation. The former is an officer of the court, whose every act must depend for its authority upon the order appointing him. If the operation of that order be stayed he is left without power to act. The opinion in *The Matter of Real Estate Associates,* 58 Cal. 356, held that the functions of a receiver were not suspended by an undertaking on appeal given under section 941 of the Code of Civil Procedure. Even if we concede that receivers are in the same category as guardians, we are confronted with the fact that years after the decision last cited and that in *In re Woods,* 94 Cal. 566, [29 Pac. 1108], were handed down, the legislature saw fit to provide in terms that an order appointing a receiver cannot be stayed except by the filing of a special bond (Code Civ. Proc., sec. 943, as amended in 1897. See Stats. 1897, p. 56), while the rule with reference to guardians was left unchanged.

This brings us to respondent's argument that tying the hands of a guardian during the pendency of the appeal is opposed to sound public policy. The answer to that argument is that the legislature has never seen fit to declare that public policy demanded a change from the doctrine of the Woods case. This very subject is considered in *Matter of Moss,* 120 Cal. 695, [53 Pac. 357], where Mr. Justice McFarland, speaking for the court, said: "Some difficulties are suggested by a consideration of the proposition that the appeal stays the execution of the order, and that, if the appellant be really incompetent, his property might be dissipated by designing persons during the pendency of the appeal. There is some force in this suggestion, and apprehended embarrassments might be remedied perhaps by some amendment to the code in this regard; but more grievous consequences might follow an erroneous adjudication of guardianship, if no appeal were allowed." The following cases also support petitioner's request for *supersedeas: In re Schedel,* 69 Cal. 242, [10 Pac. 334] ; *Born* v. *Horstmann,* 80 Cal. 453, 5 L. R. A. 577, 22 Pac. 169, 338] ; *City of Los Angeles* v. *Pomeroy,* 132 Cal. 340, [64 Pac. 477] ; *Rohrbacher* v. *Superior Court,* 144 Cal. 633, [78 Pac. 22].

Let the writ issue.