[No. 2275]

ELLEN C. O'DONNELL, PETITIONER, v. THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF HUMBOLDT, E. A. DUCKER, JUDGE OF SAID DISTRICT COURT, AND CHRIS. WOLF, GUARDIAN OF ESTATE OF ELLEN C. O'DONNELL, RESPONDENTS.

[165 Pac. 759]

1. APPEAL AND ERROR—RIGHT TO APPEAL—STATUTE.
    It is not lightly to be assumed that from failure or omission of a special act to provide for an appeal the legislature intended to deny such right to any person whose civil and legal rights are involved.

2. INSANE PERSONS—APPOINTMENT OF GUARDIAN—RIGHT TO APPEAL.
    Const., art. 6, sec. 4, vests the supreme court with appellate jurisdiction in all cases in equity. Rev. Laws, 4832, is to the same effect.    Section 4833 empowers the supreme court to review on appeal a judgment in a proceeding commenced in a district court when the matter in dispute is embraced in the general jurisdiction of the supreme court.    Section 5329 provides that an appeal may be taken from a final judgment or special proceeding commenced in the court in which the judgment is rendered.    Section 6162 provides for petition for the appointment of a guardian for insane persons. *Held*, that such proceeding is equitable, and the judgment appointing the guardian for a mentally enfeebled person is final, so that an appeal lies.

3. PROHIBITION—RIGHT TO REMEDY.

Where a stay of proceedings is had, and the court undertakes to exercise an unauthorized jurisdiction pending the stay, prohibition is the proper remedy.

4. INSANE PERSONS—APPOINTMENT OF GUARDIAN—REVIEW—STAY OF PROCEEDINGS—UNDERTAKING ON APPEAL.

As procedure under Rev. Laws, 6162, is not a case provided for in civil practice act, secs. 404, 405, 408, and 409 (Rev. Laws. 5346, 5347, 5350, and 5351), the perfection of an appeal by giving the undertaking as prescribed by section 404 stays proceedings in the court below upon the judgment and order appealed from, under specific provision of Rev. Laws, 5355.

ORIGINAL PROCEEDING for prohibition by Ellen C. O'Donnell against the Sixth Judicial District Court of the State of Nevada in and for Humboldt County, and others.  **Writ issued.**

*Salter & Robins,* for Petitioner:

We will not dispute the proposition that the right of appeal is one based on statute, but the statutes of this state positively and in unequivocal terms provide for an appeal in cases like the one at bar; and it makes no difference whether it be a "special proceeding" or an "action"; it is either one or the other. "An appeal may be taken from a final judgment in an action or special proceeding commenced in the court in which the judgment is rendered." (Rev. Laws, 5329.)

"The supreme court shall have jurisdiction to review upon appeal a judgment in an action or proceeding commenced in the district court when the matter in dispute is embraced in the general jurisdiction of the supreme court." (Rev. Laws, 4833; *State* v. *Ducker,* 35 Nev. 214.)

If the proceeding had before the lower court was not "an action," it could have been nothing more than a "special proceeding." "The term 'special proceeding' is used in the codes of practice of many of the states in contradistinction to 'action.' It may be said generally that any proceeding in a court which was not under the common law and equity practice either an action at law or a suit in chancery, is a special proceeding." (*In Re Central Irr. Dist.,* 49 Pac. 357; *Methodist Church* v. *Ely,*

47 N. E. 537; 1 C. J. 1010; *State* v. *District Court,* 72 Pac. 613; *Lawrence* v. *Thomas,* 51 N. W. 11; 21 Cyc. 38; *In Re Josephs Estate,* 118 Cal. 660; *Clough* v. *Clough,* 51 Pac. 513.)

So far as petitioner is concerned, the order of the lower court is a final judgment, and from it an appeal lies. (Rev. Laws, 5238; *In Re Smith Estate,* 55 Pac. 249; *Sharon* v. *Sharon,* 7 Pac. 462; *State* v. *District Court,* 72 Pac. 615; *Guardianship of Mary Winkleman,* 9 Nev. 303.)

The undertaking on appeal acts as a stay, and an order made by the lower court after its filing is in excess of jurisdiction. (*Silver Peak* v. *District Court,* 110 Pac. 503.)

Prohibition is the proper remedy. (*Hynes* v. *Coburn,* 120 Pac. 26; *Woods Case,* 29 Pac. 1108; *In Re Moss,* 53 Pac. 357.)

*Callahan &amp; Brandon,* for Respondents:

It is necessary for the legislature to provide for appeals in guardianship matters before any appeal will lie from an order made under the guardianship act. "The right of appeal to this court is one based entirely on statute, and this court is prohibited from taking jurisdiction unless the party appealing has, in the first instance, the statutory right of appeal." (*State ex rel. Sparks* v. *State B. & T. Co.,* 137 Pac. 400.)

Whether or not the constitution authorizes legislation for appeals in matters of guardianship is immaterial, because under the decisions it would be inoperative without legislation enabling appeals to be taken. (Hayne, New Trial and Appeal, vol. 2, sec. 181; *Estate of Moore,* 86 Cal. 58; *Estate of Walkerly,* 94 Cal. 352; *Estate of Hickey,* 121 Cal. 378; *Estate of Cahill,* 142 Cal. 628.)

No appeal lies from an order of the county court appointing a guardian for a lunatic or idiot (*Willis* v. *Lewis,* 27 N. C. 14); neither does an appeal lie from an order refusing to appoint such guardian. (*Peralta* v. *Castro,* 15 Cal. 511; *Estate of Dean,* 62 Cal. 613; *Estate of Calahan,* 60 Cal. 232.)

If no appeal lies from the order of the lower court

declaring petitioner incompetent to care for her estate and appointing a guardian, the application for a writ of prohibition should be denied; but if the provision for appeals in the civil practice act applies to guardianship matters, prohibition is not the proper remedy. An order striking an undertaking to stay execution from the files, and directing the sheriff to pay money collected under garnishment in satisfaction of judgment, is a special order after judgment, and appealable. (*Southern Cal. R. Co.* v. *Superior Court*, 127 Cal. 417.) Since appeal lies from and is an adequate remedy to prevent execution of any order of court appointing a receiver and directing the sale by him of property of a plaintiff in a divorce action to satisfy a judgment for alimony against him, prohibition will not lie for such purpose, although the order is void as in excess of the jurisdiction of the court. (*White* v. *Superior Court*, 42 Pac. 471.) The writ of prohibition will issue only when there is an exercise of functions without or in excess of jurisdiction, and there is no other adequate remedy, (*Low* v. *Crown Point M. Co.*, 2 Nev. 75; *Turner* v. *Langan*, 29 Nev. 281; *McComb* v. *District Court*, 136 Pac. 563.) Prohibition will not issue where there is a remedy by appeal or *certiorari*. (*Silver Peak* v. *District Court*, 110 Pac. 503.)

By the Court, SANDERS, J.:

Ellen C. O'Donnell was declared by a judgment of the district court for Humboldt County to be mentally incompetent, by reason of extreme old age, to manage her property, and by the judgment Chris Wolf, public administrator of said county, was appointed guardian for her estate, alleged to consist of 400 acres of land in said county and $8,500 in money, represented by two certificates of deposit in a local bank at Winnemucca, Nevada. She gave notice of appeal to this court from the judgment and an order overruling her motion for a new trial, and filed an undertaking on appeal in the sum of $300. She now petitions this court for a writ of prohibition to

restrain the judge of said court and the guardian so appointed from enforcing, or undertaking to enforce, said judgment pending her appeal.

We are satisfied from the return of respondents that, unless restrained, they will do the things complained of, and will endeavor to take possession of the property of petitioner in disregard of and in spite of her appeal. The only question presented, therefore, is: Should the writ issue?

It is urged by respondents that an appeal is a matter purely of statutory right (*Esmeralda County* v. *Wildes,* 36 Nev. 526, 137 Pac. 400), and as the statute under which the proceeding was commenced in the lower court (Statutes of Nevada, 1899, p. 70) nor the general law governing appeals (chapter 46, Civil Practice Act) makes provision for an appeal in such cases, the judgment and order complained of is not appealable, and this court is therefore without jurisdiction to issue the writ. The jurisdiction of this court being thus challenged, it is incumbent upon us to consider the question as if made upon a motion to dismiss the appeal of petitioner. The several district courts of this state are vested by the constitution and statutes with original jurisdiction in all cases relating to the estates of insane persons (Const. art. 6, sec. 6; sec. 4840, Revised Laws); not necessarily persons technically insane, but those who, for any cause, are mentally incompetent to manage their property (sec. 6162, Revised Laws; 14 R. C. L. p. 567); and such courts possess general power over the appointment and removal of guardians (sec. 4849, Revised Laws). The jurisdiction thus conferred is neither special nor limited, nor is it limited or qualified by the special act which regulates the procedure for the appointment of guardians and to prescribe their duties. (Statutes of Nevada, 1899, p. 70.)

1. It is not lightly to be assumed that from the failure or omission of a special act to provide for an appeal the legislature intended to deny to the persons whose legal and civil rights are involved and affected by the act the right of appeal. The right to an appeal is a substantial

right (*Howard* v. *Richards*, 2 Nev. 137, 90 Am. Dec. 520), and, while it is purely statutory (*Esmeralda County* v. *Wildes, supra*), a statute will not be construed as taking away the right of appeal unless the language used clearly shows such an intent (3 C. J. 319).

"If a statute is capable of being so construed as to maintain the right of appeal without violating the well-established rules for construing statutes, it will be so construed." (*Houghton's Appeal*, 42 Cal. 35.)

2. The persons embraced by the statute in question are peculiarly "wards of chancery." Unless the statute, by express terms, necessary implication, or reasonable intendment, denies to such persons the right of appeal, it is our duty to uphold the right. But it is insisted that the general law governing appeals makes no provision for an appeal in this class of cases. In this view we do not concur. The supreme court is vested by the constitution with appellate jurisdiction in all cases in equity. (Const. art. 6, sec. 4; Rev. Laws, 4832.) This court has jurisdiction to review upon appeal a judgment in an action or proceeding commenced in a district court when the matter in dispute is embraced in the general jurisdiction of the supreme court. (Rev. Laws, 4833.) The proceeding authorized by the statute (Rev. Laws, 6162) is an equitable proceeding, and differs from ordinary actions only in procedure. It does not confer new rights, nor afford new remedies. In its essential characteristics it was an adversary proceeding in which the petitioner was the real defendant. An appeal may be taken from a final judgment or special proceeding commenced in the court in which the judgment is rendered. (Rev. Laws, 5329.) For the purposes of this application, it is not necessary to determine whether the proceeding against petitioner was "an action" or "special proceeding." It was certainly one or the other. An appeal lies from a "final judgment" in either. The judgment was a "final judgment," which operates to divest petitioner of the right to the possession, control, and management of her property. The petitioner is entitled, therefore, to prosecute her appeal here so as

to test the regularity of the proceeding by which it was sought to place her property under guardianship.

**3.** It is well settled that, where a stay of proceedings is had, and the court undertakes to exercise an unauthorized jurisdiction pending such stay, prohibition is the proper remedy. (3 C. J. p. 1328.)

**4.** The undertaking on appeal filed by the petitioner conforms to section 404 of the civil practice act, and, as the procedure authorized by section 6162, Revised Laws, is not a case provided for in sections 404, 405, 408, and 409 of the civil practice act, the perfecting of the appeal by giving the undertaking, as prescribed by section 404, stays proceedings in the court below upon the judgment and order appealed from.   (Rev. Laws, 5355.)

It is argued by respondents that it is against the interest of petitioner, and against public policy, to permit petitioner to manage her property pending the time of her appeal.   And it might have been suggested, by way of argument, that an appeal in such cases defeats the purpose of the statute.   This position has been ruled upon adversely to respondents by the Supreme Court of California in construing a similar statute. (*Coburn* v. *Hynes,* 161 Cal. 685, 120 Pac. 26; *In Re Woods,* 94 Cal. 566, 29 Pac. 1108; *In Re Moss,* 120 Cal. 695, 53 Pac. 357.)

We are powerless to remedy what may be a defect or omission in the civil practice act.

Let the writ issue.