# DUNPHY v. McNAMARA

No. 2757

February 1, 1927.                                                    252 P. 943.

1. APPEAL AND ERROR—EQUITY PRESERVES STATUS QUO.
   Court of equity has ample authority, in proper case, to preserve trust property in status quo as nearly as may be until final determination of litigation concerning it.

2. APPEAL AND ERROR—ORDER APPOINTING RECEIVER NOT VACATED BY FILING OF APPEAL BOND.
   Where it clearly appeared that it was necessary that property involved be preserved in status quo as nearly as possible, pending litigation concerning it, order appointing temporary trustee or receiver pendente lite was not vacated or superseded by giving of statutory undertaking, on appeal from such order, in sum of $300, as required by practice act, sec. 404 (Rev. Laws, 5346), in view of section 413 (section 5355).

3. RECEIVERS—POWERS OF FOREIGN RECEIVER CANNOT BE QUESTIONED IN COLLATERAL PROCEEDING.
   Question of extent of powers of foreign receiver is not one of jurisdiction, and therefore, in collateral proceeding, petitioners could not have order appointing resident receiver pendente lite vacated and property and money turned over to foreign receiver, pending litigation concerning it.

C. J.–CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 1385, p. 1268, n. 23; sec. 1457, p. 1326. n. 11.

RECEIVERS—34 Cyc. p. 484, n. 50.

ORIGINAL PROCEEDING in prohibition by James C. Dunphy and others for an order citing Hon. J. M. McNamara, Judge of the District Court of the Fourth Judicial District of Nevada for Elko County, and others, to show cause why they should not be prohibited, pending appeal from certain order, from doing any acts embraced in said order, and to show cause why certain property should not be turned over to a foreign receiver. **Rule discharged and proceeding dismissed.** (COLEMAN, J., dissenting.)

*Griswold & Reinhart* and *Charles F. Hanlon, J. W. Dorsey* and *Thomas Beedy & Presley,* for Petitioners:

Prohibition is allowed where appeal does not give adequate or speedy remedy. Fletcher v. Court, 51 Cal. App. 158. Supersedeas is allowed to stay execution

where none ·is imposed by appeal or bond. Craig v. Stansbury, 37 Cal. App. 671. Appellant should be protected by supersedeas whether or not statutes allow stay of proceedings. It issues when necessary to preserve status quo. S. P. Co. v. Court, 167 Cal. 252.

It is not against interest ·of petitioner or public policy to permit petitioner to manage property pending appeal. O'Donnell v. Court, 40 Nev. 438.

By stopping act of guardian of incompetent person his property might be dissipated by designing persons, but more grievous consequences might follow erroneous adjudication of guardianship if no appeal were allowed. Coburn v. Hynes, 161 Cal. 688.

California Supreme Court in Craig v. Stansbury, supra, on supersedeas, not only stayed proceedings by Craig pending appeal, but quashed execution sale of appellant, although third party was purchaser.

Rev. Laws, 5855 (413 Civ. Pr.), provides that in all cases not provided for in secs. 404–409, perfecting of appeal by giving $300 bond. stays all proceedings. O'Donnell v. Court, supra.

Dunphy trustees on coming to Nevada can· take charge of property and administer it without further order of court in Nevada. Fox v. Tay, 89 Cal. 339.

In case of conflicting appointments, receiver first appointed will have control, and second must surrender assets to him. Beach, Receivers, sec. 232.

G. C. Clough, M. B. Badt, and J. M. Dysart, for Respondents:

Petitioners' authorities holding mere filing of appeal and cost bond suspends operation of judgment involve statutes different from ours, where statutory provisions were not recited, or where cases specifically held they did not come within exceptions contained in statutes, and merely hold that in certain specified cases judgment is not stayed unless stay bond is filed.

Jacobs v. Court, 65 P. 826, holds prohibition will not lie since statutes give right of appeal. Stay bond was given.

Before amendment of 1913 our statute was similar to California's, but delivery and execution of stay bond is now required.

Under our practice appellant can appeal and move to vacate, for entirely different reasons. If appeal operates as vacation or suspension, such course would not be proper, but that legislature intended contrary is evident from sections of practice act regulating method of staying execution after appeal. Rev. Laws, 5347, et seq. (prior to amendments of 1913 and 1915, 3 Rev. Laws, p. 3346) ; Rogers v. Hatch, 8 Nev. 35.

Operation of order for delivery of real and personal property, restraining persons from interfering, authorizing receiver to sell live stock, pay taxes, etc., may not be stayed except upon filing bond therefor. Silver Peak v. Court, 33 Nev. 97.

Order granting temporary injunction is not stayed by filing cost bond on appeal therefrom. State ex rel. Reclamation Co. v. Ducker, 35 Nev. 214; Haynes, New Trial and Appeal (1st ed.), sec. 227.

Petitioner's remedy is by appeal. Prohibition will not lie. If order is subject to review on appeal or even certiorari it cannot be reviewed on prohibition or mandate. Low v. Mining Co., 2 Nev. 75; Silver Peak case, supra; Walcott v. Wells, 21 Nev. 50. Prohibition will not lie unless application is made in lower court for relief. Pro forma application to vacate, made ex parte, without notice, in absence of opposite party is vain.

## OPINION

By the Court, SANDERS, C. J.:

In July, 1926, X. Rodwell Meyer, individually and as executor of the last will and testament of his deceased wife, Jennie C. D. Meyer, filed his bill of complaint in the court below against Mary D. Flood, James C. Dunphy, Viola C. C. P. Burnett, William Wesley Burnett, her husband, William Wesley Burnett, Jr., and others, praying the appointment of a trustee to fill a vacancy in the trusts created by the last will and testament of

William Dunphy, deceased, made by the death of said Jennie C. D. Meyer; also praying for the appointment of a temporary trustee or receiver pendente lite. Upon motion, supported by the complaint and the affidavit of the plaintiff Meyer showing an emergency, the court made an order citing defendants to show cause why such trustee or receiver pendente lite should not be appointed.

By order of the court filed on September 3, 1926, all the property described in the complaint was put into the hands of George Russell, Jr., as temporary trustee, with directions to protect and preserve the property pending suit. The property of the William Dunphy trust estate in Nevada comprises 80,000 acres of agricultural and range lands in the counties of Elko, Eureka, and Lander, and about 6,000 head of stock cattle, including 1,000 head of beef cattle and feeders.

On September 16, 1926, two of the defendants in the suit, namely, James C. Dunphy and William Wesley Burnett, Jr., after the appointment of such receiver, entered their appearance and gave notice of appeal to this court from said order, and on said date perfected their appeal by giving an undertaking on appeal in the sum of $300, as required by section 404 of the civil practice act (section 5346, Rev. Laws of Nevada).

Pending appeal, the appellants were cited to show cause before the court why they should not be adjudged guilty of contempt of court for their alleged violation of said order of appointment of a temporary trustee with reference to their interference with the trustee in the marketing and sale of a large number of the beef cattle in his possession, as such receiver.

While said order to show cause was pending, the appellants made application to the court by way of a formal motion, supported by affidavits and the records and files in the case, for an order directing the trustee or receiver to desist from doing any of the things specified in the order of his appointment and to relinquish the possession of all the property and money in his hands to one Louis S. Beedy, who, on the 1st day of September, 1926, was

appointed by order of the superior court of the State of California, in and for the city and county of San Francisco, receiver of all the real and personal property of the William Dunphy trust estate in California and Nevada, in an action wherein James C. Dunphy, Mary D. Flood, and Viola C. C. P. Burnett were plaintiffs and William Wesley Burnett, Jr., was defendant, and in which the plaintiffs, by their bill of complaint, sought to be nominated trustees of the trusts declared in the last will of William Dunphy, deceased, to fill the vacancies created by the death of said Jennie C. D. Meyer, formerly surviving trustee of those trusts. At said time and place the appellants also moved the court for an order of dismissal of the proceeding to have appellants adjudged guilty of contempt of court, upon the ground that the court was without jurisdiction to appoint a trustee or receiver of the William Dunphy trust estate for any purpose because of the orders of said superior court of California appointing James C. Dunphy, Mary D. Flood, and Viola C. C. P. Burnett trustees and Louis S. Beedy receiver of the William Dunphy trust estate in both California and Nevada. The motion was denied, and an exception was allowed to the ruling.

Thereupon the appellants, together with their copetitioners herein, made application to this court for an order citing respondents to show cause before this court, on a day certain, why they should not be prohibited, pending the appeal from the order appointing George Russell, Jr., receiver pendente lite, from doing any of the acts and things embraced in said order until the further order of this court, and to show cause why all the property and money in the hands of said receiver or in the custody and under the control of the court should not be turned over to Louis S. Beedy, receiver, pending the appeal.

Upon consideration of the averments contained in the petition, the respondents were cited to show cause why the prayer of said petition should not be granted. The

matter came on for hearing upon the petition and the respondents' demurrer and answer thereto. After a full hearing upon the pleadings, we made an order, on the 15th day of November, 1926, dismissing the proceeding without filing an opinion. We shall now proceed, as required by law, to set forth our reasons for the dismissal of the proceeding, which can best be done by answering the contentions of counsel for petitioners.

1. In view of the order of dismissal of the proceeding, it is unnecessary for us to enter upon a discussion of the questions raised in argument with respect to the authority of this court in the exercise of its original jurisdiction to supersede an order appointing a receiver pendente lite or of what the limits of its powers to make interlocutory orders pending appeal may be; for, however that may be, we are of opinion that the court of equity has ample authority in a proper case to preserve trust property in status quo as nearly as may be until the final determination of the litigation concerning it. 3 Corpus Juris, 1268; 34 Cyc. 49.

2. It is contended, however, that, conceding the inherent power of the court of equity to appoint a receiver pendente lite to preserve trust property pending appeal, the perfecting of an appeal by giving the undertaking of $300, as required by section 404 of the practice act (section 5346, Rev. Laws), suspends an order appointing a receiver pendente lite, and that appellants are entitled to the possession of the trust property involved, pending the appeal. This contention is predicated entirely upon counsels' construction or application of the provisions contained in section 413 of the practice act (section 5355, Rev. Laws) and statutes in pari materia.

Section 413 provides as follows:

"In cases not provided for in sections 404, 405, 408, and 409, the perfecting of an appeal by giving the undertaking, and the justification of the sureties thereon, if required, or making the deposit mentioned in section 404, shall stay proceedings in the court below upon the judgment or order appealed from, except that where it

directs the sale of perishable property the court below may order the property to be sold, and the proceeds thereof to be deposited to abide the judgment of the appellate court."

A summary of the sections referred to in section 413 and of other statutes with reference to appeals will suffice to make counsels' contentions clear.

Section 404 provides that to render an appeal effectual for any purpose, in any case, an undertaking shall be executed to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding $300.

Section 405, as amended by Statutes 1915, page 219, relates to an appeal from a judgment or order directing the payment of money.

Section 408 relates to an appeal from a judgment or order directing a conveyance.

Section 409 relates to an appeal from a judgment or order directing the sale or delivery of possession of real property.

Section 407 of the practice act, not referred to in section 413, supra, as amended by the Statutes of 1913, page 301, relates to an appeal from a judgment or order directing the assignment or delivery of documents or personal property.

Sections 405, 407, 408, and 409 provide for special undertakings to stay the judgment or order, pending appeal.

Counsel for petitioners insist that the appeal from the order appointing a receiver pendente lite is within the limitation contained in section 413, and therefore the perfecting of the appeal from the order by giving the undertaking for $300 under the provisions of section 404, stayed proceedings under said order, and that petitioners are entitled to the relief demanded in their petition.

In support of this contention, we are cited to a number of cases from California. Also particularly to the case of O'Donnell v. District Court, 40 Nev. 428, 165 P. 759, following the California cases cited therein, to the point

that an appeal from an order appointing a guardian for an incompetent by giving the statutory undertaking for $300 suspends the order of appointment of the guardian pending the appeal therefrom. We do not concede that a receiver pendente lite is in the same category as a guardian, and for present purposes we hold that the case of O'Donnell v. District Court and the California cases cited therein are not in point.

Further, in regard to the California cases, we observe that in 1897 (Cal. Stat. 1897, p. 56), section 943 of the code of civil procedure of California was amended by providing in terms that an order appointing a receiver cannot be stayed except by filing a special bond, while the rule with reference to guardians was left unchanged. Coburn v. Hynes, 161 Cal. 685, 120 P. 26. We note that, prior to its amendment, section 943 was practically the same as section 407 of our practice act. Long prior to the amendment the Supreme Court of California, in Matter of Real Estate Associates, 58 Cal. 356, held that the functions of a receiver were not suspended by an undertaking on appeal, given under section 941 of the code of civil procedure, which is the same as section 404 of our practice act, in requiring an undertaking on appeal in the sum of $300, and no more. Since our legislature has not seen fit to amend section 405 by providing for the suspension of an order appointing a receiver, pending an appeal, by giving a proper undertaking, we think the rule laid down in Matter of Real Estate Associates, supra, is applicable to the case here, and that the giving of an undertaking on appeal for $300 did not stay proceedings in the court below upon the order appealed from.

Section 413 of our practice act is substantially the same as section 4817 of the Revised Codes of Idaho. In Morbeck v. Bradford-Kennedy Co., 18 Idaho, 458, 110 P. 261, it is held that the giving of a $300 bond did not suspend or supersede the appointment of a receiver. We note that the court in its opinion has this to say concerning the California rule:

"Section 949 of the code of civil procedure of California was substantially the same as said section 4817 of our Rev. Codes. In the Matter of the Real Estate Associates, 58 Cal. 356, where it was contended that all actions in or under insolvency proceedings were stayed by the appeal, and therefore the receiver had no right to prosecute any suit as such receiver, and that the giving of a $300 appeal bond stayed all proceedings pending the appeal, the court decided against that contention, and held that the functions of the receiver were not suspended during the appeal. The legislature of California has since the date of said decision amended section 943, C. C. P., so as to provide for the suspension of an order appointing a receiver, pending an appeal, by giving a proper undertaking on appeal. However, we have no such provision in our statutes. We think the rule laid down in the above-cited case is applicable to the case here, and that the court did not err in holding that the giving of said $300 bond did not suspend or supersede the appointment of a receiver. From the record in the case it clearly appears that it is necessary that the property should be preserved in status quo as nearly as may be pending the appeal, in order to protect the interest of the parties."

So, in this proceeding, it clearly appears that it is necessary that the property involved should be preserved in status quo as nearly as may be, pending the litigation concerning it, and both upon principles of equity and upon the authorities construing statutes substantially the same as ours we hold that the order appointing George Russell, Jr., temporary trustee or receiver pendente lite was not vacated or superseded by the giving of the statutory undertaking on appeal in the sum of $300. See 3 C. J. 1285, note 31.

3. It is contended on behalf of petitioners that the respondent court was without jurisdiction in the premises to appoint a trustee or receiver of the William Dunphy trust estate in Nevada for any purpose, because, at the time George Russell, Jr., was appointed receiver

pendente lite, the property involved was in the custody and under the control of Louis S. Beedy, receiver for the superior court of California, in and for the city and county of San Francisco. This contention is predicated upon a misconception of the effect of the appointment of receivers of property beyond the territorial limits of the jurisdiction of the appointing court.

The rule, says Cyc., broadly stated, may be said to be that a receiver's power is only coextensive with that of the court which gives him his character, and cannot be asserted as a matter of right beyond the territorial jurisdiction of such court. 34 Cyc. 484; 23 R. C. L. 140. The authorities, however, are not harmonious as to the extent of the application of the rule. There are two lines of cases upon the subject. The leading case, Booth v. Clark, 17 How. 322, 15 L. Ed. 164, denies all extraterritorial recognition to a chancery receiver, whatever may be his authority under the decree or order of the appointing court, either as of right or comity, and many other cases have so applied the rule. On the other hand, there are many cases holding that foreign receivers are permitted to assert and protect their rights under their appointments, as a matter of comity, without adhering to the strict rule denying extraterritorial recognition to receivers as such. 34 Cyc. 488, note 57; 23 R. C. L. 140, et seq.

With reference to the divergent line of authorities, supra, it is said in Wright v. Phillips, 60 Cal. App. 578, 213 P. 288:

"The proposition that a receiver appointed by a court of a particular state can have no authority to exercise his powers beyond the limits of the jurisdiction of the court appointing him, appears plainly enough from the bare statement of the question.

"Receivers appointed under a jurisdiction other than that of the forum may be permitted to sue in a stranger state as a matter of comity only. That this privilege of comity will be extended, wherever the rights of local or domestic creditors are not prejudiced, is now the general rule in the United States, notwithstanding that earlier

decisions, notably that of Booth v. Clark, 17 How. 322, 15 L. Ed. 164. See, also, Rose's U. S. Notes, tended in their holding the other way. See High on Receivers (4th ed.), sec. 47; Smith on Receivership (2d ed.), 165; 23 R. C. L. 142; 5 Ann. Cas. 570. Each state, of course, establishes its own policy on the subject."

This state has not as yet, either by statute or by adjudication, established any rule or policy upon the subject. Suffice it to say that the question of the extent of the powers of a foreign receiver is not one of jurisdiction. Consequently, in this collateral and incidental proceeding, petitioners are not in position to invoke the active interposition of this court to establish a rule or policy that would assist them in having the order appointing George Russell, Jr., receiver pendente lite vacated and the property and money in his hands turned over to Louis S. Beedy, the foreign receiver, pending the litigation concerning it.

Entertaining these views, our preliminary rule for an order to show cause was discharged and the proceeding was dismissed.

DUCKER, J.: I concur.

COLEMAN, J., dissenting:

I am convinced that it is very desirable that we should have a law requiring one who appeals from an order appointing a receiver to give a stay bond in addition to the $300 bond. I am convinced of this because of the presumption in favor of the correctness of the order of appointment. But, however desirable it may be that one who appeals from an order appointing a receiver should give a stay bond, I do not see how it can be required unless there is some authorization in law therefor, and I fail to find any.

As pointed out in the prevailing opinion, section 413 of the practice act expressly provides that the taking of an appeal and the giving of the $300 bond shall operate as a stay in all instances except as provided in certain enumerated sections of the practice act. The only section of the practice act which counsel for respondent

contend provides for a bond other than in the sum of $300 is section 407, as amended by section 4, c. 212, Stats. 1913, p. 300 (3 Rev. Laws, p. 3346, sec. 5349), and a casual reading of that shows that it does not apply to appeals from an order appointing a receiver, but to an order directing that documents or personal property be assigned or delivered to one whose appointment and qualification as a receiver are neither denied nor questioned, which is an entirely different situation from the one here presented.

But the court does not base its ruling upon the section of our civil practice act relied upon by counsel, but upon an Idaho case which accepts as its authority a California decision. The California decision cites certain provisions of its code of civil procedure to support its conclusion which are not incorporated in the Idaho and the Nevada acts.

I decline to accept the Idaho opinion as an authority in preference to the plain provision of our statute, which seems to be mandatory, particularly in view of the opinion in O'Donnell v. District Court, 40 Nev. 428, 165 P. 759, which, though not growing out of an appeal from an order appointing a receiver, in my opinion, is based upon a state of facts to which the same reasoning applies as in the instant matter.