[Civ. No. 6922. Second Appellate District, Division One.—September 24, 1929.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGE-LES, Special Administrator, etc., Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

Welburn Mayock and Alford P. Olmstead for Petitioner.

No appearance for Respondents.

CONREY, P. J.—From the petition it appears that in the matter of the estate of John H. Coolman, deceased, certain contests were pending upon a petition for probate of will and for letters of administration. For the purpose of preserving the estate during time of contest the Security-First National Bank of Los Angeles was appointed special administrator and duly qualified in that office. On May 7, 1929, the court made its order denying probate of the will and appointed Walter Armel administrator of the estate. On June 12th Armel qualified as such administrator. On June 18th and 22d appeals were taken to the Supreme Court from the order of May 7th. On June 18th Armel petitioned for special letters of administration. The bank and the proponents of the will objected to the granting of special letters of administration to Armel, basing their objections on the ground that the bank was the duly appointed special administrator and that its appointment had never been revoked. Thereafter, on September 26, 1929, the court appointed Armel special administrator of the estate, and directed that the bank deliver to Armel all the property of the estate in its possession. In this proceeding the petitioner contends that in making its order of September 26th the court acted without and in excess of its jurisdiction.

In the first place petitioner directs our attention to decisions of the Supreme Court which hold that a new administrator of a decedent's estate cannot be appointed while a former administrator is in office, and that before there can be jurisdiction to make such appointment the former letters must be revoked. (*Haynes* v. *Meeks*, 20 Cal. 288; *Estate of Hamilton*, 34 Cal. 464; *Barboza* v. *Pacific Portland Cement Co.*, 162 Cal. 36 [120 Pac. 767].) The foregoing decisions relate to the ordinary general letters of administration, but it is claimed that in principle they apply to special administrators as well.

"When letters testamentary or of administration on the estate of the decedent have been granted, the powers of the special administrator cease, and he must forthwith deliver to the executor or administrator all the property and effects

of the decedent in his hands; and the executor or administrator may prosecute to final judgment any suit commenced by the special administrator.'' (Code Civ. Proc., sec. 1416.)

█ Petitioner contends that under the foregoing section the appointment of a general administrator has the effect of suspending the powers of the special administrator, but that his letters are not revoked, and that his status as special administrator continues until he has completed his accounting and obtained his discharge. We find ourselves unable to agree with this contention. We think that the appointment and qualification of the general administrator in legal effect is a revocation of the special administrator's authority, and that thereupon he ceases to be special administrator. His duty to render an accounting and to be discharged from further liability is in no respect different from the same duty which would devolve upon him if the court had by direct order revoked his letters of administration.

█ It is further contended, however, on behalf of petitioner, that the appeal taken from the order appointing Armel as administrator suspends the operation of the order appointing such administrator, and that until the determination of said appeal the powers of the special administrator are revived and continue in being. We are referred to *Estate of Stough,* 173 Cal. 638 [161 Pac. 1], wherein it was held that upon appeal taken from an order appointing an executor, the executor had no authority during the appeal to take any steps by virtue of his appointment, and that he was not authorized as executor to prosecute an action to quiet title to property of the estate. It should be noted, however, in that case the appointed executor had not qualified, and letters appointing him executor had not been issued when appeal was taken from the order appointing him.

Section 966 of the Code of Civil Procedure reads as follows: ''When the judgment or order appointing an executor, or administrator, or guardian, is reversed on appeal, for error, and not for want of jurisdiction of the court, all lawful acts in administration upon the estate performed by such executor, or administrator, or guardian, if he have qualified, are as valid as if such judgment or order had been affirmed.'' It seems to have been determined, however, that said section 966 does not entitle the executor, administrator, or guardian to enforce his rights of administration dur-

ing the pendency of appeal from his order of appointment. In *Coburn* v. *Hynes*, 161 Cal. 685 [120 Pac. 26], the Supreme Court commented on section 966 as follows: "We do not see that this section fixes the right of a guardian to act during the pendency of such an appeal as the section designates. On the contrary, its language would indicate that, statutorily, he has no such right, but that if he exercise his functions of guardianship in a case where the order appointing him is not void for want of jurisdiction, his acts will not be invalid." It is conceded by counsel for petitioner in the present proceeding that the appeal from the order appointing Armel as administrator is upon grounds of error, not raising any question as to jurisdiction of the court in appointing such administrator. In *Hellman Commercial Trust & Sav. Bank* v. *Alden*, 206 Cal. 592 [275 Pac. 794, 801], the Supreme Court commented upon the decision in *Coburn* v. *Hynes, supra,* as follows: "That case involved an application for a writ of *supersedeas* to prevent a guardian who had been appointed by the court from taking charge of the property of the ward pending an appeal from the decree. The question of suspending the effect of the adjudication of incompetency was not involved in that case. The court merely held that, since the statute did not authorize a guardian to take charge of the estate pending an appeal, he had no such power." So it may be said, and it so appears to us, that according to the decision in *Coburn* v. *Hynes, supra,* the general administrator, Armel, during the pendency of said appeal, would be unable to enforce his right as administrator to take charge of the assets of the estate. This being so, a situation is presented which makes necessary, or at least appropriate, the appointment of a special administrator to conserve the assets of the estate until the determination of the appeal. This condition is admitted by the petitioner here, except that petitioner itself claims to be an existing special administrator and contends that for that reason the court is without power to appoint another special administrator. In the case of *Hellman Commercial Trust & Sav. Bank* v. *Alden, supra,* it appeared that in a proceeding instituted for that purpose one Bundy had been declared an incompetent person and a guardian of his person and estate had been appointed. Bundy appealed from said order. During the time when said appeal was pending Bundy, who

had in his possession a cashier's check which represented money belonging to him, indorsed and delivered the check to an indorsee who thereafter passed it on to the plaintiff bank. Subsequently in an action concerning said cashier's check it became necessary to determine whether Bundy had legal capacity to indorse and deliver the check. The Supreme Court held that the decision in *Coburn* v. *Hynes, supra,* did not support the contention of appellant that Bundy was restored to competency by virtue of the pending appeal.

Applying the principle indicated in the preceding paragraph, we are of the opinion that the appeal taken from the order appointing Armel administrator is not effective to restore or continue the official character or powers of the petitioner as special administrator. This being so, it seems clear that in appointing another special administrator to care for the assets of the estate during the pendency of the appeal, respondent court has not exceeded its jurisdiction.

The petition for writ of review is denied.

Houser, J., and York, J., concurred.