NEVADA TAX COMMISSION, Composed of Charles H. Russell, Chairman, Robert A. Allen, Edward Arnold Settelmeyer, Norman D. Brown, Marshall William Deutsch, Horace Gordon Lathrop, and W. S. Larsh and the NEVADA GAMING CONTROL BOARD, Composed of Robbins E. Cahill, William V. Sinnott, and William P. Gallagher, Appellants, v. BRENT MACKIE and KENNETH K. HENTON, Doing Business as the New Star Hotel and Casino, Respondents.

No. 4139

September 8, 1958.                    329 P.2d 448.

*Frank R. Petersen,* of Reno, for Appellants.

*Richard G. Campbell,* of Winnemucca, and *Thomas A. Foley,* of Las Vegas, for Respondents.

# OPINION

## ON MOTION TO DISMISS

*Per Curiam:*

Respondents have moved to dismiss this appeal upon the ground that this court is without appellate jurisdiction in the case.

In the court below respondents applied for review of action taken by the Nevada Tax Commission revoking their state license to conduct a gambling operation in the city of Winnemucca. The tax commission has taken this appeal from judgment of the court below modifying its order of revocation.

In support of their motion to dismiss, the respondents contend that under Article VI, section 6, of the Nevada constitution the court below had final appellate jurisdiction in this matter. That section provides that district courts shall have "final appellate jurisdiction in cases arising in justices' courts and such other inferior tribunals as may be established by law." It is respondents' position that the tax commission is an inferior tribunal established by law under the meaning of the constitution.

We cannot accept respondents' definition. The tribunals to which this section refers are judicial and not administrative tribunals. The review of tax commission action which is provided by law, NRS 463.310(7), is not an exercise of appellate jurisdiction. Appellate jurisdiction is jurisdiction to review the action of inferior judicial tribunals.

Respondents also contend that the review of tax commission action provided by NRS 463.310 is a special proceeding and that no appeal lies from the judgment of the reviewing court in such a proceeding in absence of express statutory provision.

That general rule does not apply to a proceeding of this sort. We have already had occasion to note that the statutory provision for review is far from specific and invites improvisation. Tax Commission v. Hicks, 73 Nev. 115, 310 P.2d 852. In that case we recognized that review might be initiated by complaint as well as by writ.

In exercising their right to review the parties are simply initiating a judicial proceeding recognized by law. The proceeding is an adversary one. The parties are litigants to a dispute. The determination of the reviewing court is a judicial determination upon a dispute and constitutes a final judgment. As to this type of proceeding an appeal lies under the general appellate jurisdiction of this court. O'Donnell v. District Court, 40 Nev. 428, 165 P. 759.

The motion to dismiss is denied.

Respondents have also moved this court for an order remanding this matter to the trial court in order that respondents might move that court for a rehearing in the matter. Upon such rehearing, it would appear, respondents would assert their contention that the reviewing court should have reversed the tax commission outright rather than simply to have modified its order of revocation.

The order which respondents seek in this respect does not appear to be one such as is contemplated by our procedural law. Since, as we have held upon their motion to dismiss, this court has appellate jurisdiction in this matter, their contentions could appropriately be made upon appeal.

The motion to remand is denied.