[Sac. No. 457.  In Bank.—May 26, 1898.]

In the Matter of WILLIAM F. MOSS, an Incompetent Person.

INCOMPETENT PERSON—ORDER APPOINTING GUARDIAN—APPEAL—"AGGRIEVED PARTY."—An order appointing a guardian of a person alleged to be incompetent to manage his property is appealable, and the alleged incompetent is "an aggrieved party" who has a right of appeal from such order

ID.—MODE OF TAKING APPEAL—CONSTRUCTION OF CODE.—Section 372 of the Code of Civil Procedure, requiring an insane or incompetent person to appear either by his general guardian or by his guardian *ad litem* appointed by the court, does not apply to a case where the very question involved is the validity of the order of guardianship itself,

and where the appeal is taken directly from that order; and such an appeal may be taken by the alleged incompetent person, by his attorneys, who appeared for him in the proceeding in which the order of guardianship was made.

ID.—EFFECT OF APPEAL.—No judgment or order of a superior court is final when an appeal from it is duly pending; and the appellant's rights to the control of his property cannot be held as finally concluded against him by an order from which he has appealed, and from which he has a right to appeal.

MOTION in the Supreme Court to dismiss an appeal from an order of the Superior Court of San Joaquin County appointing a guardian for an alleged incompetent person. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

J. G. Swinnerton, and Budd & Thompson, for the Motion.

W. W. Middlecoff, *Amicus Curiae*, contra.

Nicoll & Orr, for Alleged Incompetent.

McFARLAND, J.—This is a motion to dismiss an appeal taken by William F. Moss from an order of the superior court appointing a guardian for him upon the ground of alleged incompetency, under sections 1763 and 1764 of the Code of Civil Procedure.

1. The first contention of respondents is, that the order appealed from is not an appealable order. They say in their brief that "the adjudication of incompetency is not appealable." It is not necessary to consider whether or not the order appealed from would be viewed as a final judgment if there were no express provision for an appeal from it; for the code directly provides for an appeal from the particular order here involved. The main and ultimate purpose of sections 1763 and 1764 is the appointment of a guardian for a person found to be incompetent to manage his business and property. The code does not seem to contemplate an adjudication of incompetency independent of the appointment of a guardian. Its purpose is to appoint a guardian for an incompetent person. Of course, the incompetency would have to be found in some way by the court as a preliminary step to the appointment of a guardian; but the

appointment of a guardian is the thing specially directed. Section 1763 provides that when it is represented by a verified petition that a person is insane, "or from any cause mentally incompetent to manage his property," the court must give notice to the person supposed to be incompetent of the time and place of the hearing of that matter, and that the alleged incompetent person must, if able to attend, be produced on the hearing; and section 1764 provides that: "If, after a full hearing and examination upon such petition, it appear to the court that the person in question is incapable of taking care of himself and managing his property, such court must appoint a guardian of his person and estate with the powers and duties in this chapter specified." There is no provision for a mere adjudication of incompetency; the thing to be done by the court is the appointment of the guardian. And section 963 of the Code of Civil Procedure expressly provides that an appeal may be taken to the supreme court from the superior court "from a judgment or order granting or refusing to grant . . , . letters . . . . of guardianship."

2. The notice of appeal is signed by Messrs. Nicol & Orr, who are attorneys of this court, and who appeared for the appellant, Moss, in the proceeding in the superior court in which the order of guardianship was made; and it is contended by respondents that under section 372 of the Code of Civil Procedure, Moss could take an appeal only by his general guardian or by a guardian *ad litem* appointed by the court. But that section does not apply to a case where the very question involved is the validity of the order of guardianship itself, and where the appeal is taken directly from that order. That section applies only to a case where the order of guardianship has been finally established. But no judgment or order of a superior court is final when an appeal from it is duly pending. If the order appointing a guardian for the appellant be erroneous, it will be reversed; and the appellant's right to the control of his property cannot be held as finally concluded against him by an order from which he has appealed, and from which he has a right to appeal. Some difficulties are suggested by a consideration of the proposition that the appeal stays the execution of the order, and that, if the appellant be really incompetent, his property might be dissipated by designing persons during the pendency of the appeal.

There is some force in this suggestion, and apprehended embarrassments might be remedied perhaps by some amendment to the code in this regard; but more grievous consequences might follow an erroneous adjudication of guardianship, if no appeal were allowed.

3. We see nothing in the statement of respondents that Moss is not "an aggrieved party," or in any of the other contentions made by respondents.

The motion to dismiss the appeal is denied.

Garoutte, J., Van Fleet, J., Harrison, J., Henshaw, J., and Beatty, C. J., concurred.