[L. A. No. 18899. In Bank. Mar. 29, 1944.]

Guardianship of the Person and Estate of FANNY B. GILMAN, an Incompetent Person. FANNY B. GILMAN, Appellant, v. IRENE W. CLARK, as Guardian, etc., Respondent.

Herbert Cutler Brown for Appellant.

G. W. Nix and Henry F. Walker for Respondent.

GIBSON, C. J.—This is a motion to dismiss an appeal from an order adjudging Fanny B. Gilman to be incompetent and appointing a guardian of her person and estate. The appeal was noticed by Herbert Cutler Brown, subscribing himself as attorney for the incompetent. The guardian, as movant, alleges that Mr. Brown was never engaged by or on behalf of the incompetent and therefore was without authority to notice the appeal.

The order appointing guardian was entered August 24, 1943. Among the papers supporting the motion to dismiss the appeal is an affidavit of the incompetent that she had never engaged or employed Mr. Brown to appear for her or to take the appeal, and that he is therefore proceeding without her authority and against her wishes. In opposition thereto, he filed a counter-affidavit in which he avers that he first met the incompetent on September 29, 1943, and that she then stated to him, "I want you to act as my attor-

ney. I want you to get me out from under the control of [the guardian] and away from this place." It is apparent from the record that Mr. Brown acted in good faith in noticing the appeal.

Mrs. Gilman, as a party aggrieved by the order adjudging her incompetent and appointing a guardian, had the right to appeal therefrom if she so desired. (*Matter of Moss,* 120 Cal. 695, 697 [53 P. 357]; *Sullivan* v. *Dunne,* 198 Cal. 183, 193 [244 P. 343]; *cf. Guardianship of Waite,* 14 Cal.2d 727 [97 P.2d 238].) The rule that a person under disability must appear by general guardian, or guardian *ad litem,* does not apply to a case where the very question involved is the validity of the order of guardianship itself and where the appeal is taken directly from that order.

An attorney who represents an alleged incompetent may take an appeal therefrom on behalf of the incompetent. (*Matter of Moss, supra,* p. 697; *cf. Guardianship of Waite, supra.*) But where the attorney was not authorized by the incompetent to notice an appeal he may not do so in his individual capacity. (*Sullivan* v. *Dunne,* 198 Cal. 183, 192 [244 P. 343]; *Estate of Sullivan,* 198 Cal. 195, 196 [244 P. 347].) Here, the affidavit of Mrs. Gilman, filed in support of the motion to dismiss, avers that she did not engage or employ Mr. Brown to appear for her or to take the appeal and that he is proceeding without her authority and against her wishes. Any purported appeal under such circumstances would be ineffectual. (*Sullivan* v. *Dunne, supra,* p. 192; *Estate of Sullivan, supra,* p. 196.) If Mrs. Gilman did employ him to notice the appeal, nevertheless the attorney-client relationship would now have to be considered terminated in view of her affidavit that the attorney is presently proceeding against her wishes in attempting further to prosecute the appeal. The affidavit together with the noticed motion constitute a request by the incompetent for a dismissal of the appeal. (See *In re Moss,* 7 Cal.Unrep. 172, 173 [74 P. 546].) In this connection Mr. Brown states that under the circumstances he has no desire to represent the incompetent further and "will welcome an honorable discharge from. all further duties and obligations as such attorney."

The motion is granted and the appeal is dismissed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.