[No. S125822. July 25, 2005.]

In re JOSIAH Z. et al., Persons Coming Under the Juvenile Court Law.

KERN COUNTY DEPARTMENT OF HUMAN SERVICES Plaintiff and Respondent, v.
TINA M. et al., Defendants;
JOSIAH Z. et al., Appellants.

COUNSEL

Marin Williamson, under appointment by the Supreme Court, and Michelle R. Trujillo, under appointment by the Superior Court, for Appellants.

Marvin R. Ventrell, Janet G. Sherwood and Donna Wickham Furth for National Association of Counsel for Children and Northern California Association of Counsel for Children as Amici Curiae on behalf of Appellants.

Jonathan B. Steiner; Matthew Zwerling; Elaine Alexander; and Michael Kresser for California Appellate Project, First District Appellate Project, Appellate Defenders, Inc., and Sixth District Appellate Program as Amici Curiae on behalf of Appellants.

B. C. Barmann, Sr., County Counsel, and Jennifer L. Thurston, Deputy County Counsel, for Plaintiff and Respondent.

Jennifer B. Henning for California State Association of Counties as Amicus Curiae on behalf of Plaintiff and Respondent.

Cameryn J. Schmidt, David F. Estep and Marissa Coffey for Children's Law Center of Los Angeles as Amicus Curiae on behalf of Plaintiff and Respondent.

Anahita Savarnejad and Darlen Azevedo Kelly for Sacramento Child Advocates, Inc., as Amicus Curiae on behalf of Plaintiff and Respondent.

William Wesley Patton for Whittier Law School Legal Policy Clinic as Amicus Curiae.

OPINION

**WERDEGAR, J.**—A child's dependency appeal, challenging the juvenile court's evaluation of the child's best interests, involves a delicate balancing of considerations. We must decide what role a child's appellate counsel plays in this balance and, in particular, under what circumstances appellate counsel may investigate whether dismissal of an appeal is in the child's best interests.

We conclude the following: (1) appellate counsel has the power to seek dismissal of a child's dependency appeal based on the child's best interests, and the Court of Appeal has the power to consider and rule on such a motion; (2) pursuant to appellate counsel's power, counsel may seek funds to meet personally with her client to investigate a potential motion; but (3) appellate

counsel may actually file a motion to dismiss only after consultation with and authorization from the child or the child's guardian ad litem. Here, appellate counsel for two minor siblings failed to demonstrate cause for the appropriation of funds in light of the guardian ad litem's unequivocal opposition to any motion to dismiss. We affirm the Court of Appeal's denial of appellate counsel's request for funds, but remand without prejudice to appellate counsel's renewing her motion under the standards set forth in our opinion.

### Factual and Procedural Background

In June 2002, the Kern County Superior Court determined that two-year-old Josiah and infant Gabriel came within its jurisdiction under Welfare and Institutions Code section 300, subdivision (b) after Gabriel tested positive for drugs at birth.[1] It found that the children were at substantial risk of physical harm or illness due to their mother's drug abuse and their father's physical abuse of their mother. The court subsequently declared Josiah and Gabriel dependents of the court and removed them from parental custody. After both parents failed to reunify with their sons, the court terminated reunification services and set a section 366.26 permanency planning hearing.

In light of the children's recent move to placement with a nonrelative, the children's attorney sought a hearing on relative placement. The children's attorney asserted she did not know why respondent Kern County Department of Human Services (the department) had previously denied the paternal grandparents' request to have the children placed in their home, or why the department had not placed the children with any other relative. The court granted counsel's request and set a special hearing on the issue of relative placement.

At the hearing, the department made a showing that each of the paternal grandparents had a criminal record and the paternal grandmother's own children had been juvenile dependents due to her neglect. The department had denied the paternal grandparents' requests for a criminal records exemption (§ 361.4, subd. (d)(2)) that would have allowed Josiah and Gabriel to be placed with them. The court found the department had not abused its discretion in denying these requests. It then separately considered and denied the paternal grandparents' current request for placement (§ 361.3). Trial counsel for the children appealed on her clients' behalf.

---

[1] All further unlabeled statutory references are to the Welfare and Institutions Code.

Consistent with its usual practice, the Court of Appeal appointed new counsel to represent the children on appeal. Appellate counsel requested travel funds to visit her young clients and assess their current situation and wishes. She explained that, in her professional opinion, pursuit of the appeal was not in the children's best interests because their current nonrelative placement was satisfactory. She indicated that if, after visiting the children, her opinion remained unchanged, she would move to dismiss the appeal.

The Court of Appeal ordered briefing on appellate counsel's authority to move to dismiss her minor clients' appeal based on her analysis of their best interests. Appellate counsel argued that she had the authority, and indeed the duty, to seek dismissal of the appeal, independent of the views of trial counsel, if she concluded to do so was in the children's best interests. The department and trial counsel opposed the request for funds and any potential motion to dismiss, arguing that appellate counsel was not so empowered and that the consideration of postjudgment evidence would conflict with our recent decision in *In re Zeth S.* (2003) 31 Cal.4th 396 [2 Cal.Rptr.3d 683, 73 P.3d 541].

The Court of Appeal denied the request for funds. It ruled that appellate counsel lacked the authority to file a motion to dismiss based on her assessment of the children's best interests, and that *In re Zeth S., supra*, 31 Cal.4th 396, prevented the Court of Appeal from ruling on such a motion. We granted review to address significant questions of first impression relating to the scope of an appellate counsel's authority in handling a child's dependency appeal.

## DISCUSSION

### I. *Does Appellate Counsel Have the Power to Seek Dismissal of an Appeal Based on a Child's Best Interests?*

The goal of dependency proceedings, both trial and appellate, is to safeguard the welfare of California's children. "The objective of the dependency scheme is to protect abused or neglected children and those at substantial risk thereof and to provide permanent, stable homes if those children cannot be returned home within a prescribed period of time." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 307 [19 Cal.Rptr.2d 544, 851 P.2d 826].) These proceedings are " 'designed not to prosecute a parent, but to protect the child.' " (*In re Malinda S.* (1990) 51 Cal.3d 368, 384 [272 Cal.Rptr. 787, 795 P.2d 1244].) The best interests of the child are paramount. (§ 202, subd. (d); *In re Malinda S.*, at p. 384; *In re Mary C.* (1995) 41 Cal.App.4th 71, 77 [48 Cal.Rptr.2d 346].)

■ In deciding what services or placement are best for the child, time is of the essence. "After reunification efforts have failed, it is not only important to seek an appropriate permanent solution—usually adoption when possible—it is also important to *implement* that solution reasonably promptly to minimize the time during which the child is in legal limbo. . . . Courts should strive to give the child [a] stable, permanent placement, and [a] full emotional commitment, as promptly as reasonably possible consistent with protecting the parties' rights and making a reasoned decision." (*In re Celine R.* (2003) 31 Cal.4th 45, 59 [1 Cal.Rptr.3d 432, 71 P.3d 787]; see also *In re Sade C.* (1996) 13 Cal.4th 952, 993 [55 Cal.Rptr.2d 771, 920 P.2d 716] [state interest in expeditious resolution of dependency matters is "strong indeed"].) "It is undisputed that children require secure, stable, long-term, continuous relationships with their parents or foster parents. There is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current 'home,' under the care of his parents or foster parents, especially when such uncertainty is prolonged." (*Lehman v. Lycoming County Children's Services Agency* (1982) 458 U.S. 502, 513–514 [73 L.Ed.2d 928, 102 S.Ct. 3231].) Thus, the priority in dependency proceedings is to identify and carry out the services and placement that best serve the child's interests as swiftly as possible.

With these broad principles in mind, we consider whether appellate counsel has the power to file a motion to dismiss an appeal based on counsel's assessment of the child's best interests.

■ First, appellate counsel generally has the power to move to dismiss an appeal. California Rules of Court, rules 20 and 30.3 authorize an appellant, through counsel, to seek dismissal of an appeal. In cases such as this one, where the record has been filed with the Court of Appeal, counsel must file a motion to dismiss with the appellate court, which has the discretion to grant or deny the motion. (Cal. Rules of Court, rules 20(c), 30.3(b)(2); *DeGarmo v. Goldman* (1942) 19 Cal.2d 755, 768 [123 P.2d 1] ["An appellant may not dismiss his appeal as a matter of right; whether he will be permitted to do so is within the discretion of the court"].) This procedure applies equally to dependency appeals. (See *In re Karen G.* (2004) 121 Cal.App.4th 1384, 1389 [18 Cal.Rptr.3d 301]; Cal. Rules of Court, former rule 39(a).)[2]

---

[2] California Rules of Court, former rule 39(a) provided that the rules applicable to criminal appeals (including rule 30.3, governing dismissal) were applicable to dependency appeals, unless otherwise noted. As part of an ongoing project to simplify the rules of appellate procedure, rule 39 was repealed effective January 1, 2005, and its substance was transferred to rule 37. (See Advisory Com. com., 23 pt. 1 West's Ann. Codes, Rules (2005 ed.) foll. rule 37, p. 683.) Though new rule 37 no longer expressly incorporates the rules for dismissal of criminal appeals, nothing in the advisory notes indicates that this omission was intended to extinguish the possibility of dismissing a dependency appeal, nor do we read rules 37 to 38.6 as rendering dependency appeals immune from dismissal. Rather, we read them as providing

■ Second, the power to move to dismiss the appeal includes the power to do so based on the child's best interests. California Rules of Court, rules 20 and 30.3 contain no express exceptions. They reflect the usual rule that, in every case, an attorney has the power to seek dismissal of an appeal based on the attorney's and the client's evaluation of the client's best interests, as, for instance, when the client elects to settle in lieu of pursuing an appeal. The question then is whether anything in the dependency rules warrants a departure from this usual rule. We conclude not.

In *In re Zeth S., supra,* 31 Cal.4th 396, we addressed whether appellate counsel has a statutory duty to "independently investigate the current circumstances of the child's preadoptive placement, and to report any significant changes to the reviewing court so that the court can determine anew whether the trial court's judgment should be reversed . . . ." (*Id.* at p. 414.) We concluded that although section 317 imposes investigatory duties on a child's counsel (§ 317, subd. (e)),[3] the statute by its terms applies only to trial counsel and thus imposes no similar duties on appellate counsel. (*In re Zeth S.,* at p. 415.) But in deciding that section 317 did not *require* counsel to conduct an investigation, we did not hold that the statute would *prevent* counsel from doing so, or from bringing a motion to dismiss motivated by the child's best interests. Nor does any other dependency statute or regulation preclude such a motion.

■ Indeed, the concerns motivating dependency law persuade us that such a motion will sometimes be the proper course. As we explained in the writ context: "Sometimes the additional delay that seeking writ relief might cause could harm the children. An attorney for a child is 'charged in general with the representation of the child's interests' (§ 317, subd. (e)) rather than always seeking a result that counsel thinks is legally correct regardless of whether that result is in the child's best interest." (*In re Celine R., supra,* 31 Cal.4th at p. 60.) If the delay from a writ proceeding can justify forgoing a potentially meritorious petition, then the typically far greater delay from an

the relevant rules of appellate procedure for dependency appeals for the topics covered; one must look elsewhere in the rules of appellate procedure for general rules concerning topics for which no special dependency rule is set out.

[3] Section 317, subdivision (e) provides in relevant part: "The counsel for the child shall be charged in general with the representation of the child's interests. To that end, the counsel shall make or cause to have made any further investigations that he or she deems in good faith to be reasonably necessary to ascertain the facts . . . . In any case in which the child is four years of age or older, counsel shall interview the child to determine the child's wishes and to assess the child's well-being, and shall advise the court of the child's wishes. Counsel for the child shall not advocate for the return of the child if, to the best of his or her knowledge, that return conflicts with the protection and safety of the child. In addition counsel shall investigate the interests of the child beyond the scope of the juvenile proceeding and report to the court other interests of the child that may need to be protected by the institution of other administrative or judicial proceedings. . . ."

appeal can surely sometimes justify forgoing a potentially meritorious appeal. (See *id.* at p. 59 ["The delay an appellate reversal causes might be contrary to, rather than in, the child's best interests"].) On appeal, as much as in writ proceedings or before the trial court, the client's best interests remain the lodestar for counsel. When the client is a child, the rule is no different. Thus, we reject the department's argument that appellate counsel has an ethical duty to pursue any nonfrivolous arguments on appeal, to the exclusion of a motion to dismiss.

The Court of Appeal concluded that hearing a motion to dismiss the appeal based on appellate counsel's best-interests assessment would violate the proscription against consideration of postjudgment evidence on appeal. (See *In re Zeth S., supra,* 31 Cal.4th at p. 413.) This conclusion reads too much into our holding in *Zeth S.* There, we held that for an appellate court routinely to solicit postjudgment evidence in order to reopen and reconsider trial court findings and reverse the trial court's judgment "would violate both the generally applicable rules of appellate procedure, and the express provisions of section 366.26 which strictly circumscribe the timing and scope of review of termination orders, for the very purpose of expediting the proceedings and promoting the finality of the juvenile court's orders and judgment." (*In re Zeth S.,* at p. 413.) For these reasons, an appellate court should not consider postjudgment evidence going to the merits of an appeal and introduced for the purposes of attacking the trial court's judgment. But these same concerns militate in favor of permitting motions to dismiss to be brought and heard, and distinguish this case from *Zeth S.* in three respects. First, the generally applicable appellate rules authorize such a motion, and appellate courts routinely consider limited postjudgment evidence in the context of such motions. (Cal. Rules of Court, rule 41(a)(2); see, e.g., *TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377, 378–379 [83 Cal.Rptr.2d 834]; *In re Melissa S.* (1986) 179 Cal.App.3d 1046, 1053–1054 [225 Cal.Rptr. 195].) Second, the limited issue involved in a motion to dismiss, whether a child should be permitted to abandon a challenge to the trial court ruling, is distinct from the broader issues resolved by the trial court, and consideration of circumscribed evidence in this context does not give rise to the vice we condemned in *Zeth S.*—an appellate court's use of new evidence outside the record to second-guess the trial court's resolution of issues properly committed to it by the statutory scheme. (See *In re Zeth S.,* at pp. 409–410.) Third, the beneficial consequence of motions to dismiss, where granted, will be to "expedit[e] the proceedings and promot[e] the finality of the juvenile court's orders and judgment" (*id.* at p. 413)—precisely the policy advanced by our ruling in *Zeth S.*

The Court of Appeal also expressed concern that allowing such a motion would leave appellate counsel's clients "with no recourse, their right of appeal having been abandoned." Not so. A motion to dismiss cannot be

brought unilaterally, without client consent, as we discuss *post*. Nor is such a motion to be granted automatically; instead, as noted *ante*, motions to dismiss are directed to the sound discretion of the Court of Appeal. Thus, the right of appeal will be relinquished only with client consent and after the exercise of judicial oversight.

In lieu of a motion to dismiss, the Court of Appeal suggested that appellate counsel who identifies no good faith argument for reversal can file a *Sade C.* brief. (*In re Sade C., supra*, 13 Cal.4th 952.) But appellate counsel properly can notify the court that she has found no arguable issues only when that is in fact the case. The appellate counsel who believes arguable issues exist, but that to pursue them would not be in the client's best interests, cannot properly file a *Sade C.* brief. Instead, counsel's proper course of action is to file an authorized motion to dismiss.

*In re Karen G., supra*, 121 Cal.App.4th 1384, presents an example of such a motion. After the juvenile court ordered a child returned to her mother, both the social services agency and the child's trial counsel filed notices of appeal, and appellate counsel was appointed for the child. The social services agency subsequently reversed its position and moved to dismiss its appeal based on changed circumstances. The Court of Appeal granted the social services agency's motion, whereupon the child's appellate counsel moved to dismiss the child's appeal based on the changed circumstances. Though framed in terms of mootness, the motion effectively asked for dismissal because opposing the child's placement with her mother was no longer in the child's best interests. (See *id.* at pp. 1389–1390.) The Court of Appeal took judicial notice of the juvenile court's six-month review order, which reflected the social services agency's changed position and the mother's improved performance, and granted the motion to dismiss. (*Id.* at pp. 1390–1391; see also *In re Harry N.* (2001) 93 Cal.App.4th 1378, 1394 [114 Cal.Rptr.2d 46] [motion by child's appellate counsel to dismiss appeal and remand for new best interests hearing].) As *Karen G.* demonstrates, a motion to dismiss can be an appropriate way to end dependency proceedings and bring closure for a child.

### II. *When May Appellate Counsel Exercise the Power to Seek Dismissal of an Appeal Based on a Child's Best Interests?*

We determine next the circumstances in which appellate counsel may exercise the power to move for dismissal based on the child's best interests. This question requires resolution of a series of related questions: Who is charged with assessing and deciding whether the best interests of the child warrant a motion to dismiss? How does one determine that the child's best interests warrant such a motion? Who may authorize a motion to dismiss based on best interests?

■ In answering these questions, we begin with the principle that dismissal of an appeal requires client consent. An "attorney is authorized by virtue of his employment to bind the client in procedural matters arising during the course of the action but he may not impair the client's substantial rights or the cause of action itself." (*Linsk v. Linsk* (1969) 70 Cal.2d 272, 276 [74 Cal.Rptr. 544, 449 P.2d 760]; see also *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 404–405 [212 Cal.Rptr. 151, 696 P.2d 645].) The dismissal of an appeal curtails the client's right to any relief an appeal might afford. Though a procedural step, it relinquishes a client's substantial right and cannot be taken without client consent. (See *Wuest v. Wuest* (1942) 53 Cal.App.2d 339, 345 [127 P.2d 934].) Thus, appellate counsel *qua* appellate counsel cannot unilaterally move to dismiss an appeal.[4]

■ Who then is the client? That is, who has the power to evaluate the child's best interests and authorize a motion to dismiss? In civil matters, the answer is clear. With rare exceptions, a child who is a party to a suit must appear through a guardian ad litem or similar representative. (Code Civ. Proc., § 372.) Section 372 "represents a recognition by the Legislature that whenever a minor is involved in litigation, his rights cannot be protected unless a guardian ad litem or a similar representative acts for him. The guardian ad litem is an officer of the court, and he has the right to control the lawsuit on the minor's behalf. Among his powers are the right to compromise or settle the action [citation], to control the procedural steps incident to the conduct of the litigation [citation], and, with the approval of the court, to make stipulations or concessions that are binding on the minor, provided they are not prejudicial to the latter's interests [citation]." (*De Los Santos v. Superior Court* (1980) 27 Cal.3d 677, 683–684 [166 Cal.Rptr. 172, 613 P.2d 233].) A civil guardian ad litem's role is "more than an attorney's but less than a party's, in that the guardian oversees any attorney representing minor's litigation-related interests and may make tactical and even fundamental decisions affecting the litigation, but always with the interest of the minor in mind." (*County of Los Angeles v. Superior Court* (2001) 91 Cal.App.4th 1303, 1311 [111 Cal.Rptr.2d 471], italics omitted; accord, *In re Christina B.* (1993) 19 Cal.App.4th 1441, 1454 [23 Cal.Rptr.2d 918].) Thus, in the civil context, the child's section 372 guardian ad litem would be responsible for authorizing a motion to dismiss an appeal after evaluating the child's interests.

■ These principles do not automatically extend to the dependency context. "Dependency proceedings in the juvenile court are special proceedings governed by their own rules and statutes. ([Welf. & Inst. Code,] § 300 et seq.; Cal. Rules of Court, rule 1440 et seq.) Unless otherwise specified, the

---

[4] But see *post* at page 682, footnote 8 (discussing situation where attorney is both appellate counsel and guardian ad litem).

requirements of the Civil Code and the Code of Civil Procedure do not apply." (*In re Jennifer R.* (1993) 14 Cal.App.4th 704, 711 [17 Cal.Rptr.2d 759], fn. omitted; accord, *In re Shelley J.* (1998) 68 Cal.App.4th 322, 328 [79 Cal.Rptr.2d 922].) However, in the absence of a dispositive provision in the Welfare and Institutions Code, we may look to these requirements for guidance. (*In re Daniel S.* (2004) 115 Cal.App.4th 903, 911 [9 Cal.Rptr.3d 646].)

■ The rules governing dependency guardians ad litem are slightly different than those applicable in civil proceedings. The federal Child Abuse Prevention and Treatment Act (CAPTA) (42 U.S.C. § 5101 et seq.) authorizes federal funding of state child protective services programs subject to various conditions. Among those conditions, a state must ensure appointment of a specially trained guardian ad litem in every judicial proceeding involving an abused or neglected child. (42 U.S.C. § 5106a(b)(2)(A)(xiii).) The CAPTA guardian ad litem is responsible for both evaluating "the situation and needs of the child" and "mak[ing] recommendations to the court concerning the best interests of the child." (42 U.S.C. § 5106a(b)(2)(A)(xiii)(I) & (II).)[5] Under the implementing regulations, states are required to ensure appointment of a guardian ad litem who will "represent and protect the rights and best interests of the child." (45 C.F.R. § 1340.14(g) (2004), 55 Fed.Reg. 27639 (July 5, 1990).) Thus, the CAPTA guardian ad litem is a fiduciary whose role is to investigate the child's circumstances and advocate for her best interests.

■ To ensure CAPTA funding, the Legislature passed section 326.5, which directed the Judicial Council to adopt court rules governing appointment of CAPTA guardians ad litem.[6] The Judicial Council responded by amending California Rules of Court, rule 1438 and adding California Rules of Court, rule 1448. Rule 1448(c) requires appointment of a "CAPTA guardian ad litem . . . for every child who is subject to a juvenile dependency petition under Welfare and Institutions Code section 300." Rule 1448(d) mirrors the language of CAPTA, requiring that the CAPTA guardian ad litem evaluate "the situation and needs of the child" and "make recommendations

---

[5] To receive CAPTA funds, a state must submit a grant plan that describes, inter alia, "provisions and procedures requiring that in every case involving an abused or neglected child which results in a judicial proceeding, a guardian ad litem, who has received training appropriate to the role, and who may be an attorney or a court appointed special advocate who has received training appropriate to that role (or both), shall be appointed to represent the child in such proceedings—[¶] (I) to obtain first-hand, a clear understanding of the situation and needs of the child; and [¶] (II) to make recommendations to the court concerning the best interests of the child." (42 U.S.C. § 5106a(b)(2)(A)(xiii).)

[6] See Senate Committee on the Judiciary, Analysis of Senate Bill No. 2160 (1999–2000 Reg. Sess.) as amended March 30, 2000, pages 3–5, 11–12 (legislation needed to stop loss of federal funding resulting from noncompliance with CAPTA guardian ad litem provisions); 45 Code of Federal Regulations part 1340.14(g) (2004) (state may satisfy CAPTA by adopting court rule "mandating appointment[] in every case").

to the court concerning the best interest of the child." (Cal. Rules of Court, rule 1448(d)(1), (2).)

■ The child's CAPTA guardian ad litem will be either her attorney or, if no attorney has been appointed, a court-appointed special advocate. (§ 326.5; Cal. Rules of Court, rules 1438(b), (e), 1448(c).) To comply with CAPTA's competency requirements, the Rules of Court impose ongoing training and education requirements on both attorneys and court-appointed special advocates. (Cal. Rules of Court, rules 1424(d), 1438(c); see § 102, subd. (d).) Thus, CAPTA and the state statutes and rules designed to implement its requirements ensure that each child in a dependency matter will have a trained, independent guardian ad litem prepared to understand the child's circumstances and make recommendations based on an evaluation of the child's best interests.

■ We read the CAPTA provisions as extending to appeals. CAPTA's requirements apply to every "judicial proceeding" involving an abused or neglected child, without distinction between proceedings before a juvenile court or an appellate court. (See 42 U.S.C. § 5106a(b)(2)(A)(xiii).) Nor is there any discernible policy reason that would warrant reading into the statute an implied limitation. As this case demonstrates, to have a specially trained advocate prepared to speak to the child's best interests may be no less important in the appellate court than in the juvenile court.

■ California Rules of Court, rule 1448, the state rule governing appointment of CAPTA guardians ad litem, does not explicitly address whether its provisions apply to appeals. Rule 1448(c) provides simply: "A CAPTA guardian ad litem must be appointed for every child who is subject to a juvenile dependency petition under Welfare and Institutions Code section 300." However, because a child involved in an appeal from a dependency proceeding order is still the subject of a juvenile dependency petition, CAPTA imposes on state courts a continuing obligation to ensure that each child has a CAPTA guardian ad litem on appeal. Given that CAPTA's requirements extend to appeals, and given the Legislature's manifest intent to ensure state eligibility for CAPTA funds through compliance with CAPTA's requirements (§ 326.5), we conclude that rule 1448 requires each child to have an appointed guardian ad litem on appeal.

■ What are the implications of these rules for a motion to dismiss? Though an attorney must zealously advocate for her client, she cannot unilaterally appeal (*Guardianship of Gilman* (1944) 23 Cal.2d 862, 864 [147 P.2d 530]) or bring a motion to dismiss (ABA Model Code Prof. Responsibility, EC 7-7; *ante,* at p. 678). A motion to dismiss requires the authorization of the child or, if the child is incapable of giving authorization, the authorization

of a guardian ad litem acting on the child's behalf and in the child's best interests. (See ABA Model Rules Prof. Conduct, rule 1.14, coms. [1], [3]; ABA Model Code Prof. Responsibility, EC 7-12.)

In turn, the CAPTA guardian ad litem has a duty to "represent and protect the rights and best interests of the child." (45 C.F.R. § 1340.14(g) (2004); see also 42 U.S.C. § 5106a(b)(2)(A)(xiii); Cal. Rules of Court, rule 1448(d).) This means that in the trial court, a CAPTA guardian ad litem who is also the child's attorney has a duty to bring an appeal when it is in the child's best interests to do so. On appeal, the duties imposed by CAPTA and California Rules of Court, rule 1448 continue. Thus, the CAPTA guardian ad litem has a continuing duty to advocate for the child's best interests, including seeking dismissal of an appeal when it is no longer in the child's best interests. When the CAPTA guardian ad litem and appellate counsel are two different people, the CAPTA guardian ad litem has a duty to authorize appellate counsel to bring a motion to dismiss when it is in the child's best interests and the child is not capable of providing authorization.

Here, trial counsel had been appointed as the children's CAPTA guardian ad litem. When trial counsel filed a notice of appeal, the appellate court appointed a new appellate counsel, but not a new CAPTA guardian ad litem. Thus, trial counsel continued as the children's CAPTA guardian ad litem on appeal. (Cf. *Regency Health Services, Inc. v. Superior Court* (1998) 64 Cal.App.4th 1496, 1498, fn. 2 [76 Cal.Rptr.2d 95] [holding that under Code Civ. Proc., § 372, "[a]n appointment in the trial court . . . suffices to appoint a guardian ad litem for appellate purposes also"].) Given the children's ages, a motion to dismiss could be brought only with the concurrence and authorization of trial counsel in her role as CAPTA guardian ad litem.[7] If trial counsel refused to authorize the motion, appellate counsel would have the option of either zealously arguing any issues on appeal or seeking to withdraw.

Appellate counsel argues that section 317, subdivision (d) and California Rules of Court, rule 1448 limit trial counsel's CAPTA guardian ad litem service to the superior court; trial counsel could not serve as CAPTA guardian ad litem in the absence of a formal appointment by the Court of Appeal; and

---

[7] At some point, notwithstanding their formal legal incompetence, children become capable of giving informed consent to key decisions affecting their circumstances. (See, e.g., § 317, subd. (f) [child may give informed consent to invocation of privilege if of sufficient age and maturity]; ABA Stds. for Lawyers Who Represent Children in Abuse and Neglect Cases (1996) stds. B-3, B-4 (ABA Standards); cf. *Guardianship of Gilman, supra*, 23 Cal.2d at p. 864 [incompetent may authorize dismissal of appeal].) Whether that point has been reached is generally a factual question, but it is self-evident that the children here, at four years old and 18 months old on the date investigatory funds were sought, could not give informed consent. (See *In re Mary C., supra*, 41 Cal.App.4th at p. 76 [three-year two-month-old child cannot give written informed consent].)

appellate counsel should be deemed the children's CAPTA guardian ad litem on appeal based on the language of California Rules of Court, former rules 39.1, 39.2 and 39.2A, despite the lack of any formal appointment. We are not persuaded.

First, nothing in section 317, subdivision (d) or California Rules of Court, rule 1448 limits trial counsel's CAPTA guardian ad litem service to the superior court. Section 317, subdivision (d) governs only the scope of trial counsel's appointment as counsel and does not bear on her appointment as guardian ad litem. Rule 1448 distinguishes between the duties of a CAPTA guardian ad litem, which it defines, and the duties of a non-CAPTA guardian ad litem. (Cal. Rules of Court, rule 1448(b).) It applies to all "juvenile dependency proceedings" (*ibid.*), but does not distinguish between trial and appellate dependency proceedings. Nothing in rule 1448 suggests that the filing of a notice of appeal terminates the appointment of a child's CAPTA guardian ad litem or precludes her from continuing to serve during the course of appellate proceedings.

Second, nothing in the language of rule 1448 requires appointment of a new CAPTA guardian ad litem. As indicated, California Rules of Court, rule 1448(c) provides that a CAPTA guardian ad litem must be appointed "for every child who is subject to a juvenile dependency petition under Welfare and Institutions Code section 300." We interpret rule 1448 in light of the clear legislative purpose that the rules governing CAPTA guardians ad litem should be read to ensure compliance with CAPTA. As discussed, to comply with CAPTA, California must provide a child a guardian ad litem throughout the course of dependency proceedings. Appellate counsel's insertion of an implied requirement that each Court of Appeal appoint or reappoint the child's CAPTA guardian ad litem would place California in violation of CAPTA in every case (such as this one) where no appointment occurred. We decline to create such a gap.[8]

---

[8] On the other hand, nothing in California Rules of Court, rule 1448 prevents a Court of Appeal from appointing a new CAPTA guardian ad litem. In cases where a Court of Appeal appoints new appellate counsel, appellate counsel can demonstrate compliance with CAPTA's competence requirements, and actual or potential conflicts do not dictate otherwise, to also appoint appellate counsel as a child's appellate CAPTA guardian ad litem may be appropriate. Because here the Court of Appeal appointed an attorney separate from the children's guardian ad litem, we need not decide when a conflict of interest will compel an attorney/guardian ad litem to relinquish one role or the other and seek appointment of a separate attorney or guardian to protect the child's interests. (See *In re Charles T.* (2002) 102 Cal.App.4th 869, 878 [125 Cal.Rptr.2d 868] [when proceeding switches from nonadversarial to adversarial, conflicts may preclude attorney from simultaneously serving as guardian ad litem]; ABA Standards, std. B-2.)

Finally, California Rules of Court, former rules 39.1A, 39.2 and 39.2A,[9] have no bearing on the status of appellate counsel as CAPTA guardian ad litem. They provided for the filing of a minor's brief in parental appeals of dependency rulings—nothing more, nothing less. They offer no reason to conclude that new appellate counsel takes over trial counsel's role as CAPTA guardian ad litem in the absence of an order so stating. Moreover, as pointed out by numerous amici curiae, any such presumption would be problematic. In order to obtain appointment as guardian ad litem, a child's trial counsel must have demonstrated satisfaction of the state-imposed competency requirements needed to comply with CAPTA. (Cal. Rules of Court, rule 1438(c).) A child's appellate counsel may or may not be able to demonstrate satisfaction of these requirements.

### III. *When May Appellate Counsel Seek Funds to Investigate a Motion to Dismiss an Appeal Based on a Child's Best Interests?*

 Finally, we turn to the question of the respective roles of a child's appellate counsel and his or her CAPTA guardian ad litem before the filing of a motion to dismiss an appeal. Given that appellate counsel cannot file a motion to dismiss without the CAPTA guardian ad litem's authorization, can she seek funds to independently investigate the child's circumstances? We conclude she can.

 The CAPTA guardian ad litem for young children incapable of informed consent has the final say on whether a motion to dismiss will be filed. But as appellate counsel correctly points out, the issues of (1) whether a motion to dismiss a dependency appeal can be authorized only by the CAPTA guardian ad litem, and (2) what steps an attorney may take in investigating and analyzing those best interests in order to counsel the child and guardian ad litem, are conceptually distinct. Though the CAPTA guardian ad litem has the ultimate authority to sanction a motion to dismiss, appellate counsel has a separate obligation to offer counsel as part of her duty of zealous representation. (ABA Model Rules Prof. Conduct, rule 1.4(b).) Nothing in the rules setting out the CAPTA guardian ad litem's duties makes her duty to evaluate the child's circumstances exclusive or precludes others from evaluating those circumstances; rather, the guardian ad litem is only one among many invested with the duty to protect the child's best interests. (See *Berry v. Chaplin* (1946) 74 Cal.App.2d 652, 657 [169 P.2d 442] ["It is the duty of the guardian and the attorney to protect the rights of the minor, and it is the duty of the court to see that such rights are protected"].) There may be cases where

---

[9] These rules were repealed effective January 1, 2005, and the relevant substance of the portions of the rules relied on by appellate counsel is now found in California Rules of Court, rule 37.3(b)(4).

appellate counsel will need to see the child in order to evaluate adequately whether a motion to dismiss is appropriate and properly counsel the child and advise the CAPTA guardian ad litem. There may be cases where a visit by appellate counsel, or by both appellate counsel and the CAPTA guardian ad litem, will reveal circumstances that cause the CAPTA guardian ad litem, after consultation with appellate counsel, to revise her view of the child's best interests and approve a motion to dismiss. For these reasons, we reject the categorical rule adopted by the Court of Appeal that would preclude such motions.

That said, it is incumbent on appellate counsel, before requesting funds, to weigh the cost of delay in the proceedings resulting from any proposed visit against both the need for additional information in light of the already available evidence and the position of the CAPTA guardian ad litem. Where the CAPTA guardian ad litem is apparently set against dismissal, only in a rare case will the seeking, or granting, of funds be appropriate, and appellate counsel's burden to justify the request will be heavy. In contrast, if the CAPTA guardian ad litem is uncertain about the propriety of dismissal, it may be appropriate for counsel to seek, and the Court of Appeal to authorize, funds that would allow informed counseling of the client and guardian ad litem.

In light of these principles, we consider whether the Court of Appeal here properly denied appellate counsel's request for funds. Appellate counsel sought funds to better inform her personal assessment of the children's best interests. She conceded that "[t]rial counsel . . . believes that pursuit of the appeal is in the best interest of the children . . . ." She asserted the authority to file a motion to dismiss without regard to the wishes of trial counsel, the children's CAPTA guardian ad litem. In response to the appellate court's request for briefing, trial counsel reiterated her unequivocal opposition to the motion to dismiss.

On this record, the Court of Appeal properly denied appellate counsel's request. Appellate counsel demonstrated no circumstances that might require the CAPTA guardian ad litem to reassess her decision to appeal, nor any possibility that the issuance of funds would lead the guardian to authorize a motion to dismiss.

We summarize our conclusions. Appellate counsel has the power to move to dismiss a dependency appeal based on a child's best interests, and a Court of Appeal has the power to consider and rule on that motion, even though it may involve consideration of postjudgment evidence. Though such a motion requires the authorization of the child or the CAPTA guardian ad litem, a visit

with the child to evaluate his or her needs may in some circumstances still be appropriate. Appellate counsel demonstrated no such circumstances here.

DISPOSITION

For the foregoing reasons, we affirm the Court of Appeal's judgment and remand the case for further proceedings. We do so without prejudice to appellate counsel's renewing her motion under the standards set forth in the opinion.[10]

George, C. J., Kennard, J., Chin, J., Moreno, J., and Woods, J.,* concurred.

On August 10, 2005, the opinion was modified to read as printed above. Baxter, J., and Werdegar, J., did not participate therein.

---

[10] During oral argument before this court, the CAPTA guardian ad litem clarified that she was not opposed to the request for funds and had changed her mind about the propriety of a motion to dismiss.

*Associate Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.